UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID CHASMAN and HAIM SETH CHASMAN,

     Plaintiffs,

 -against-

JPMORGAN CHASE BANK, N.A. CHASE BANK, and RELATED SUBSIDIARIES, successor by merger of FIRST NATIONAL BANK OF CHICAGO,

     Defendants.
------------------------------------------------------------x

Case No. 18-cv-6681

**NOTICE OF REMOVAL**

New York State Supreme Court
New York County

Index No. 651179/2018

To the Honorable Judges of the United States District Court for the Southern District of New York:

Defendant JPMorgan Chase Bank, N.A. ("JPMCB"), by its attorneys, respectfully requests removal of this action to this Court on the following grounds:

**Introduction**

1. This action, pending in the Supreme Court of the State of New York, County of New York (the "State Court Action"), is removable under the provisions of 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the plaintiffs—David Chasman and Haim Seth Chasman ("Plaintiffs")—are diverse from JPMCB.

2. The initial pleadings in this action were a summons and complaint, which, according to the affidavit of service filed in the State Court Action, were served on JPMCB on July 5, 2018.  Copies of the summons and complaint (the "State Court Complaint") are

collectively annexed hereto as Exhibit A; a copy of the affidavit of service is annexed hereto as Exhibit B.

**Plaintiffs' Materially Identical Prior Complaint in This Court**

3. On March 2, 2017, approximately one year before they filed the State Court Complaint, Plaintiffs filed a virtually identical complaint against JPMCB in this Court (the "Prior Federal Court Complaint"). A copy of the Prior Federal Court Complaint is annexed hereto as Exhibit C.

4. In the Prior Federal Court Complaint, Plaintiffs invoked "diversity jurisdiction, 28 USC 1332." Exhibit C ¶ 1. According to that Complaint, Plaintiffs were residents of the State of New Jersey and the amount in controversy exceeded $75,000. *Id.* ¶¶ 3, 5.

5. Side-by-side comparison of the Prior Federal Court Complaint and the State Court Complaint reveals that Plaintiffs' allegations are repeated from one to the other effectively verbatim, except that in the State Court Complaint, Plaintiffs omit jurisdictional allegations, specifically their state of residence and the amount in controversy. *Compare* Exhibit C *with* Exhibit A.

6. As Plaintiffs' State Court Complaint does now, their Prior Federal Court Complaint made the following central allegations: JPMCB breached a contract with Plaintiffs and a custodial fiduciary duty to them by failing to renew their Beneficiary IRA certificates of deposit at the 12% per annum interest rate that had been applicable to the IRA certificate of deposit held by their mother. *Compare* Exhibit A *with* Exhibit C. As Plaintiffs' State Court Complaint does now, their Prior Federal Court Complaint sought the specific performance remedy of reinstatement, with "evergreen renewal," of the 12% interest rate to their Beneficiary IRA CDs, *see* Exhibit A ¶¶ 17, 26, Exhibit C ¶¶ 18, 27, as well as money damages incurred as a

result of the difference in interest paid on their Beneficiary IRA CDs from 2012 (when their CDs were renewed at the then-available rate of .35% (rather than at the 12% rate)), through the date of reinstatement.  *Compare* Exhibit A ¶¶ 18, 27 *with* Exhibit C ¶¶ 19, 28.

7. Following a conference with the Honorable Naomi Reice Buchwald in the prior federal court action, Plaintiffs voluntarily dismissed that action on July 17, 2017.  A copy of the so-ordered Stipulation of Voluntary Dismissal of Plaintiffs' prior federal court action is annexed hereto as Exhibit D.

**This Court Has Original Jurisdiction of the**
**State Court Action Pursuant to 28 U.S.C. § 1332(a)**

8. Both of the Plaintiffs are citizens of New Jersey for purposes of diversity jurisdiction.  As noted above, Plaintiffs—in connection with demonstrating diversity jurisdiction in their Prior Federal Court Complaint—have expressly confirmed as much.  *See* Exhibit C ¶¶ 1, 3.  Moreover, upon information and belief, including based on JPMCB account records and on publicly available New Jersey property records, each of the Plaintiffs remains a resident of New Jersey.

9. JPMCB is a national banking association with its main office, as designated in its Articles of Association (a copy of which is annexed hereto as Exhibit E), in the State of Ohio.  Thus, JPMCB is a citizen of Ohio for purposes of diversity jurisdiction.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006) (national bank is citizen of state in which its main office is located, as set forth in its articles of association).

10. Accordingly, there is complete diversity of citizenship as between Plaintiffs and JPMCB.

11. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  As noted above, Plaintiffs—in connection with demonstrating diversity

3

jurisdiction in their virtually identical Prior Federal Court Complaint—have expressly confirmed as much. *See* Exhibit C ¶ 5. Moreover, upon information and belief, including based on JPMCB account records, together with Plaintiffs' demand for an "evergreen renewal," i.e., perennial and infinite renewal, of 12% interest, the matter in controversy exceeds the sum or value of $75,000.

12. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined and served must consent to removal. There are exceptions to this rule where the non-consenting defendants have not been served, are unknown defendants, or have been fraudulently joined. *Vitiello v. JTJ Contracting*, No. 15-CV-4635 (RRM)(CLP), 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016).

13. The State Court Complaint purports to identify "Chase Bank" as a defendant, in addition to JPMCB. The name "Chase Bank" is insufficient to identify any entity. While JPMCB does have a corporate affiliate called "Chase Bank USA, N.A.," that entity is a credit-card issuing bank. *See* JPMorgan Chase & Co.'s Form 10-K (Annual Report) for the fiscal year ended December 31, 2017, at 1 (Feb. 27, 2018), *available at* https://www.sec.gov/Archives/edgar/data/19617/000001961718000057/corp10k2017.htm

14. As the State Court Complaint does not contain any allegations relating to credit cards, it seems unlikely that by using the name "Chase Bank" in the caption Plaintiffs intend to sue Chase Bank USA, N.A. Furthermore, if Chase Bank USA, N.A. is in fact an intended defendant, then it is not properly joined, because there is no possibility that Plaintiffs have a claim against it based on the State Court Complaint, which asserts claims only regarding their CD accounts, which are held by JPMCB. *Cf. Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) (joinder is fraudulent where "there is no possibility, based on the pleadings,

that a plaintiff can state a cause of action against the non-diverse defendant in state court").[1] Finally, Chase Bank USA, N.A. has not been served. Plaintiffs' affidavit of service asserts only that CT Corporation was served as agent for "JPMorgan Chase." *See* Exhibit B. For all of these reasons, "Chase Bank" is not required to consent to removal.[2]

15.   Plaintiffs also purport to have filed the State Court Complaint against unidentified "related subsidiaries." Because these entities are not identified, their consent to removal is not required. *Vitiello*, 2016 WL 1239259, at *3. Nor, as is obvious, could they have been served, because they have not been identified.

16.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed by JPMCB with this Court within 30 days after JPMCB was served with the summons and complaint in the State Court Action.

17.   Pursuant to the foregoing, JPMCB files this Notice of Removal, thereby removing the pending above-entitled action to the United States District Court for the Southern District of New York.

18.   Pursuant to 28 U.S.C. § 1446(d), JPMCB will file a Notice of Filing of Notice of Removal in the Supreme Court of the State of New York, County of New York, together with a true and correct copy of this Notice of Removal.

---

[1] Chase Bank USA, N.A., if it had been sued, would be diverse from Plaintiffs, as it is a national banking association with its main office located in Wilmington, Delaware, and is thus a citizen of the State of Delaware for purposes of diversity jurisdiction.

[2] It may be that Plaintiffs are using the name "Chase Bank" simply as an alternative name for JPMCB, in which case Chase Bank would not be a separate defendant whose consent is required.

WHEREFORE, defendant JPMCB requests that the above-entitled action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
July 25, 2018

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

By: _____
    Andrea Likwornik Weiss
299 Park Avenue
New York, New York 10171
Tel: (212) 888-3033
aweiss@beckerglynn.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

TO: STROPHEUS LLC
Stuart Weichsel
830 Third Avenue, Fifth Floor
New York, New York 10022
(917) 562-4697
Weichsel@gmail.com

*Attorneys for Plaintiffs David*
*Chasman and Haim Seth Chasman*