# Stuart Weichsel

Stropheus LLC
800 Third Avenue, 28th FL
New York NY 10022
Stuart.Weichsel@Stropheus.com
917-562-4697(ph) 646-304-7959 (fax)

February 8, 2019

By ECF

Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Chasman, et al. v. JPMorgan Chase Bank, N.A.*, 18-cv-6681 (NRB) – Response to Letter Requesting Conference and Stay of Discovery

Dear Judge Buchwald:

    This firm represents the Plaintiffs, Haim and David Chasman, in the above-referenced action. On full review of the letter from Defendants' counsel, I consent to a pre-motion conference in advance of a motion pursuant to FRCP 12(c ).

    In addition, I consent to a stay for further discovery, with the exception of all IRA documents issued by Bank One and the Defendants since the 1998 Bank One Agreement was signed. In contrast to the view of Defendants (and the initial views of this Court), I do not consider the original documents relevant, since the settlement letter from Defendants regarding the key interest rate term and the Bank One documents would appear to supersede any original contractual documents from the 1980s.

    Defendants rely on these documents in the letter requesting the pre-motion conference and it would be inequitable to rely on documents that all parties do not have equal access to review.

    Addressing the particulars, with the reservation to raise additional arguments and to further develop these arguments in papers for any motions, I wish to submit the following points:

1. Regarding the direct application of the statute of limitations to the claims of the Plaintiffs, I may argue that the statute did not run until the letters and appeals of the Plaintiffs to the Defendants were received and addressed and the use of administrative proceedings through regulators had failed. (Until administrative proceedings were completed.) This issue will be addressed on brief.

Honorable Naomi Reice Buchwald
February 8, 2019
Page 2

2. Defendants also argue that the February 2012 Deposit Account Agreement amendments imposed a 2-year time bar.  This Deposit Account Agreement is not the record and would be subject to collateral attack as a contract of adhesion, required by the Defendants for any access to the decedent's account for this purpose.  Negotiation of these terms was not available since the account was already held by decedent with the Defendants.

3. Defendants also argue that the breach of contract claim fails to identify a provision of the contract that the Defendants breached.   Plaintiffs clearly point to the letter sent to the decedent in settlement of the claims for extension of the preferential rate.  This settlement letter clearly became an additional and irrevocable term of the contract and was clearly identified by the Plaintiffs and produced to Defendants.

4. Defendants also argue that Plaintiffs failed to clearly state a claim for breach of fiduciary duty. This is a common law duty and does not require Plaintiffs to point to a specific term of a contract.  Plaintiffs will also argue that this duty cannot be disclaimed by contract.  See *UBS Financial Services, Inc. v. Donna M. Aliberti*, Mass, October 2018.

All of these (and other issues) will be raised on full brief.

As noted above, Defendants mischaracterize and malign the proposed discovery requests of Plaintiffs, which may be limited to legal documents AFTER the Bank One Agreement was signed.  Plaintiffs currently seek only each iteration of the standard form documents used by Defendants in the usual and customary course of business since the Bank One agreement was signed, as well as documents related to the efforts of Plaintiffs to have the inherited IRA receive the same terms as the decedent's IRA.   The complex issues raised even on a 12 (c ) motion as outlined by Defendants include the status of the negotiation and contest regarding this issue and which version of the IRA legal documents apply to Plaintiffs.

For these reasons, Plaintiffs seek the limited discovery outlined above if only for the purpose of this motions practice.

Respectfully submitted,

/s/

Stuart Weichsel