

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

ATTORNEYS AND COUNSELORS AT LAW

May 14, 2019

By ECF
Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Chasman, et al. v. JPMorgan Chase Bank, N.A.*, 18-cv-6681 (NRB)

Dear Judge Buchwald:

    This firm represents defendant JPMorgan Chase Bank, N.A. ("JPMCB") in the above-referenced action. We write in response to the May 9, 2019 letter to the Court from plaintiffs David Chasman and Haim Seth Chasman (together, "Plaintiffs"), who request a pre-motion conference in advance of filing a motion to amend their complaint. Because the pre-motion letter fails to set forth grounds for the contemplated motion and because amendment would in all events be futile, the Court should reject Plaintiffs' request and allow JPMCB to proceed on its motion for judgment on the pleadings.[1]

    As the Court is aware, Plaintiffs have consented to adjourning JPMCB's time to file its planned motion for judgment on the pleadings, given that it is not yet clear what the operative complaint in this action will be; the parties also agree that a new briefing schedule on that motion should be set if the Court declines to allow amendment of the original complaint. Thus, in the event the Court disallows the proposed amendment, JPMCB respectfully requests that the Court extend JPMCB's time to file its motion and permit the parties to set a revised schedule for the filing of opposition and reply briefs.

    With respect to the timing of Plaintiffs' pre-motion letter, it is worth noting that four months have passed since JPMCB requested a pre-motion conference in advance of filing a motion for judgment on the pleadings. Plaintiffs offer no explanation as to why they waited until the end of last week, shortly before JPMCB's opening brief on that motion was due, to raise a potential amendment with the Court. It is also noteworthy that, although this is Plaintiffs' first

---

[1] JPMCB respectfully refers the Court to its pre-motion letter dated January 10, 2019 (ECF No. 17) for an explanation of the allegations of the complaint, of certain defined terms used herein, and of the grounds for JPMCB's motion for judgment on the pleadings. A copy of the letter is annexed hereto as Exhibit 1.

attempt to amend their complaint in this action, they filed two earlier complaints in the previous action they filed in this Court in 2017 and then voluntarily dismissed.  *See Chasman v. JPMorgan Chase Bank, N.A.*, No. 17-cv-1210 (NRB), ECF Nos. 1, 8.  Amendment here would give Plaintiffs a fourth bite at the apple.

Plaintiffs propose amending the complaint by adding "additional incidents of breach of contract and breach of fiduciary duty" based on JPMCB's failure to renew their Beneficiary IRA CDs at a 12% interest rate in 2015 and 2018, and by invoking the continuing wrong doctrine with respect to JPMCB's failure to renew their CDs at that rate in 2012.  However, these proposed amendments cannot circumvent the time-limitation bars that JPMCB described in its January 10 pre-motion letter.

By no later than early January 2012, JPMCB made clear to Plaintiffs – consistent with the contractual terms governing their accounts – that their three-year CDs would be maturing on January 30, 2012, that the applicable renewal interest rate at that time would be the then-standard rate of .35%, that their CDs (should they be renewed in 2012) would next mature on January 30, 2015, and that their CDs would then renew at the standard interest rate then in effect at the future renewal date in 2015.  Accordingly, and completely in line with Plaintiffs' own allegations in their existing complaint, any alleged breach by JPMCB occurred in January 2012, when JPMCB failed to renew what Plaintiffs allege are contracts permitting a so-called "evergreen renewal" of the Beneficiary IRA CDs at the 12% rate.  For limitations purposes, then, any wrong thus accrued in 2012, and not also in 2015 or 2018.  Plaintiffs' reliance on the continuing wrong doctrine to toll limitations periods is therefore misplaced.  *See, e.g.*, *Henry v. Bank of Am.*, 147 A.D.3d 599, 601-02, 48 N.Y.S.3d 67, 69-70 (1st Dep't 2017) ("The [continuing wrong] doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct.  The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs." (internal quotation marks and citation omitted)).  Thus, Plaintiffs' claims would remain untimely notwithstanding the proposed amendments.

Plaintiffs also propose amending the complaint by adding "claims of breach good faith [sic] and fair dealing under various state laws."  They fail to specify which state laws or to set forth the factual bases that would support those additional claims.  Assuming that the proposed claims are predicated on JMPCB's supposedly improper failure to renew the Beneficiary IRA CDs at a 12% rate, they would be impermissibly duplicative of Plaintiffs' breach of contract allegations and would therefore be insufficient as a matter of law.  *See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 259 F. Supp. 3d 16, 37 (S.D.N.Y. 2017), *aff'd,* 712 F. App'x 85 (2d Cir. 2018) ("[W]hen a plaintiff claims a breach of the implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim and seeking identical damages for the breach, the claim for the breach of the covenant of good faith and fair dealing must be dismissed as duplicative of the breach of contract claim."), *aff'd*, 712 F. App'x 85 (2d Cir. 2018).

Plaintiffs propose amending their breach of contract claim by referring to the specific terms of "a contract or promise" on which Plaintiffs' mother relied.  But they fail to specify those terms for the Court or to explain how any such reliance translates into JPMCB's having breached the JPMCB contracts actually governing Plaintiffs' Beneficiary IRA CDs.

  Finally, Plaintiffs state that they intend to add allegations regarding the contracts of adhesion supposedly "forced" on them. But they set forth no factual basis and cite no authority for the notion that the standard contracts that they entered into with JPMCB would be invalid or unenforceable under New York law. *See Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997) ("A court will find adhesion only when the party seeking to rescind the contract establishes that the other party used high pressure tactics, or deceptive language, or that the contract is unconscionable." (internal quotation marks and citation omitted)).

  In sum, Plaintiffs' pre-motion letter throws out new legal theories without factual bases and fails to demonstrate any viable grounds for amendment. The Court should decline to allow the proposed motion to amend and should instead direct JPMCB to file its motion for judgment on the pleadings on a revised briefing schedule. If, however, the Court permits Plaintiffs to move to amend, JPMCB reserves the right to raise additional arguments and to further develop those above in its fully briefed opposition.

                Respectfully submitted,

                */s/ Andrea Likwornik Weiss*

                Andrea Likwornik Weiss

cc: Counsel of Record (via ECF)