# EXHIBIT 1



Robert C. Muffly
Richard N. Chassin
Peter M. Hosinski
Robin L. Alperstein
Richard S. Bashner
Jesse T. Conan
Michael J. Dougherty
Karin P.E. Gustafson
Bonnie Klugman
Eric D. Kuhn
Zeb Landsman
Robert E. Langer
Howard B. Levi
Micah J.B. McOwen
Stacey A. Mesler
Patrick J. O'Brien
Alec P. Ostrow
Susanne von Türk
Rachel Korn Wasserman
Andrea Likwornik Weiss

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**

ATTORNEYS AND COUNSELORS AT LAW

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

OF COUNSEL
Joseph D. Becker
Chester B. Salomon
Kenneth J. Stuart

COUNSEL
Andrea Marquez-Bottome
Anne N. Smith
Jordan E. Stern
Gregory P. Feit
Jessica A. Gardner
William H. Newman
Andres A. Sardi Garcia
Matias A. Sueldo
Walter E. Swearingen
Tianpu Zhang

Robert B. Glynn (1929-2002)
David J. Melamed (1930-1990)

January 10, 2018

By ECF
Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Chasman, et al. v. JPMorgan Chase Bank, N.A.*, 18-cv-6681 (NRB)

Dear Judge Buchwald:

    This firm represents defendant JPMorgan Chase Bank, N.A. ("JPMCB") in the above-referenced action, in which JPMCB is also referred to as "Chase Bank." In accordance with Your Honor's Individual Practices, we write to request a pre-motion conference in advance of filing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). We also respectfully request that the Court hold discovery in abeyance pending a decision on that anticipated motion.

    **A. The Allegations of the Complaint & JPMCB's Answer**

    Plaintiffs David Chasman and Haim Seth Chasman (together, "Plaintiffs") allege that they are the owners of IRA accounts at JPMCB that they inherited from their mother, Rose Ann Chasman. They claim that their mother signed up for an IRA account at First National Bank of Chicago ("FNBC"), which allegedly offered, in or around 1983, three-year Certificates of Deposit with a fixed and automatically renewing rate of 12% per annum – which Plaintiffs characterize as "an evergreen renewal provision." Compl. ¶ 7. Plaintiffs allege that when Bank One acquired FNBC, Ms. Chasman completed a new IRA application and agreement, and asserted a right to have the CD maintained at the same 12% rate. They further allege that

JPMCB is the successor-in-interest by mergers to FNBC and Bank One.

According to the Complaint, Plaintiffs' beneficiary IRAs contain CDs that were transferred and rolled over to them from their mother's IRA account, together with those CDs' "favorable interest rates." *Id.* ¶ 14; ¶ 12 ("The asset being transferred in-kind is Certificate of Deposit contract (with its valuable contractual terms) to the beneficiary IRAs of the Plaintiffs."). Plaintiffs further allege that in 2012 JPMCB "breached the terms of these contracts and refused to renew these contracts." *Id.* ¶ 16.

The Complaint sets forth two causes of action: (i) Breach of Contract – Specific Performance; and (ii) Breach of Fiduciary Duty of Custodian. Plaintiffs request that the Court award specific performance by reinstating "the terms of the original contracts according to their terms, permitting evergreen renewal of the [CDs] at the rate originally provided, 12 percent per annum." *Id.* ¶ 17. And they also seek monetary damages "amounting to the difference between the amount of interest paid on the [CDs] currently held by the Beneficiary IRAs and the correct 12 percent per annum interest rate." *Id.* ¶ 27.

In its Answer, JPMCB admits that Plaintiffs were the designated non-spouse beneficiaries on a Traditional IRA Certificate of Deposit account that had been owned by Ms. Chasman and maintained at JPMCB (the "IRA CD"). Answer ¶ 2. JPMCB also acknowledges that after Ms. Chasman's death, Plaintiffs' respective portions of the balance of funds in the IRA CD were transferred to separate Traditional Beneficiary IRA Certificate of Deposit accounts established at JPMCB in each of Plaintiffs' names (together, the "Beneficiary IRA CDs"). *Id.* In addition, JPMCB admits that it renewed the Beneficiary IRA CDs in 2009 at a renewal interest rate of 12% APY, but explains that the 12% rate was erroneously applied. *Id.* ¶ 15.

The Answer also sets forth Defenses, including (among others) that the Complaint fails to state a cause of action (First Defense); that it is barred by the statute of limitations (Third Defense); that it is barred by the contractual limitations period set forth in JPMCB's Deposit Account Agreement ("DAA") governing the Beneficiary IRA CDs (Fourth Defense); and that it is barred by the terms and conditions of the DAA or other agreements governing the Beneficiary IRA CDs (Fifth Defense). *Id.* ¶¶ 29-36.

### B. Grounds for the Motion for Judgment on the Pleadings

The grounds for the motion for judgment on the pleadings are as follows:

1. The Complaint is barred by the applicable statutes of limitation. Under New York law, the statute of limitations for breach of contract is six years. N.Y. C.P.L.R. § 213(2). A cause of action for breach of fiduciary duty "depends upon the substantive remedy sought. Where the relief sought is equitable in nature, the six-year limitations period of CPLR 213(1) applies, but if the claim is for monetary relief, a three-year limitation applies." *Amberger v. Legacy Capital Corp.*, No. 17 Civ. 532 (NRB), 2017 WL 4863093, at *8 (S.D.N.Y. Oct. 16, 2017) (internal quotation marks and citation omitted). Here, Plaintiffs seek money damages for past non-payment of what they contend was the applicable 12% interest rate, and specific performance in the form of the payment of 12% interest going forward. Accordingly, they seek

monetary relief and their breach of fiduciary duty claim is subject to the three-year statute of limitations.

The Complaint alleges that when the Beneficiary IRA CDs renewed in 2012, JPMCB declined to apply the 12% interest rate, thereby breaching both the CD contracts and JPMCB's alleged fiduciary duty to Plaintiffs. Compl. ¶¶ 16-17 (identifying breach of contract as refusal to renew CDs at 12% interest rate in 2012); ¶¶ 21-27 (asserting that changing the interest rate constituted a breach of fiduciary duty). The account statements for Plaintiffs' Beneficiary IRA CD accounts show that the CDs renewed for a three-year term on January 30, 2012, at an interest rate of .35%. Accordingly, Plaintiffs were required to sue for breach of contract before January 30, 2018, and for breach of fiduciary duty before January 30, 2015. Plaintiffs did not commence this action until March 12, 2018, and thus their claims are time-barred.[1]

2.  The Complaint also is time-barred by the two-year limitations period governing Plaintiffs' Beneficiary IRA CDs (the "contractual limitations period"). In order to establish their Beneficiary IRA CD accounts, each of the Plaintiffs executed a JPMCB form entitled "Traditional IRA Election of Payment by Beneficiary." By signing those forms, Plaintiffs expressly agreed to be bound by the terms of two separate agreements governing their accounts: (i) an IRA Custodial Agreement and Disclosure Statement ("Custodial Agreement"); and (ii) JPMCB's Account Rules and Regulations, as amended from time to time. The Account Rules and Regulations (subsequently renamed "Deposit Account Agreement," i.e., DAA, as defined above) were amended effective February 1, 2012 to provide that any cause of action against JPMCB was required to be commenced within two years from the date of accrual, unless state law provided for a shorter time. The contractual limitations period applied to Plaintiffs' Beneficiary IRA CD accounts upon their next maturity date after February 1, 2012.[2] Thus, the contractual limitations period applied to Plaintiffs' Beneficiary IRA CDs as of January 1, 2015. Under the contractual limitations period, Plaintiffs were required to bring their breach of contract claim before January 1, 2017. (As is explained above, their breach of fiduciary duty claim was already time-barred as of January 30, 2015 by the three-year statute of limitations).

3.  The Complaint also fails to state a claim for breach of contract because it does not identify the provision of any contract that JPMCB supposedly breached. *See, e.g., Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017) ("The plaintiff must identify

---

[1] The Court may, on a motion for judgment on the pleadings, consider the account statements which reflect the interest rate and thus form the basis of Plaintiffs' claims. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000) (considering, on motion to dismiss, credit card agreement, "account history and monthly statements because they are integral to [plaintiff's] claims and [he] had notice of that information"); *see also Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (on Rule 12(b)(6) motion, court may consider documents that are incorporated by reference in the pleadings as well as documents that, even if not expressly incorporated by reference, are "integral" to the complaint); *Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 527 (S.D.N.Y. 2018) (noting that, "[o]n a 12(c) motion, the court considers" the complaint, answer, and any documents attached to them; that the court "may also review any document incorporated by reference in a pleading"; and that the court "may consider a document not specifically incorporated by reference but on which the complaint relies and which is integral to it" (internal quotation marks and citations omitted)).

[2] The Court may also consider the applicable contracts on the anticipated motion. *See Goel*, 820 F.3d at 559 (noting that contracts "containing obligations upon which the plaintiff's complaint stands or falls" are typical of the type of documents that may be considered on motions to dismiss).

what provisions of the contract were breached as a result of the acts at issue." (internal quotation marks and citation omitted)); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011) (to plead a breach of contract claim, "'a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue'" (quoting *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because plaintiffs failed to identify contractual provisions that defendant breached))). Plaintiffs allege that their mother's IRA CD paid 12% interest. But there is no factual allegation in the Complaint that their mother's contract contained a provision that the same rate would apply to *her beneficiaries* on her death. As is explained above, new accounts were opened for Plaintiffs when they established their Beneficiary IRA CDs. The contracts governing Plaintiffs' accounts provide that automatically renewing CDs will receive the interest rate in effect at the time of renewal.

      4.      The Complaint fails to state a claim for breach of fiduciary duty for the same reasons set forth in paragraph 3, above: Plaintiffs have not pled a plausible claim that JPMCB violated an agreement to apply a 12% interest rate to the Beneficiary IRA CDs. Additionally, in the IRA Custodial Agreement to which Plaintiffs agreed, JPMCB expressly disclaimed fiduciary status.

***

JPMCB reserves the right to raise additional arguments and to further develop those above on its fully briefed motion for judgment on the pleadings

## C. The Court Should Hold Discovery in Abeyance Pending Decision on the Motion for Judgment on the Pleadings

JPMCB respectfully submits that the Court should hold discovery in abeyance pending decision on its motion for judgment on the pleadings. It is "well-settled that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). "Good cause" may be shown "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (internal quotation marks and citation omitted). Factors that courts consider in determining whether a stay is warranted are (i) whether the defendant has made a strong showing that the plaintiffs' claims lack merit, (ii) the breadth of discovery sought and the burden of responding to it, and (iii) the risk of unfair prejudice to the party opposing the stay. *E.g.*, *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS), 2018 WL 1989585, at *4 (S.D.N.Y. 2018); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

These factors weigh heavily in favor of a stay here. First, for the reasons explained in Point B, above, JPMCB has a strong motion for judgment on the pleadings.

With respect to the second factor, no discovery requests have been propounded in this case thus far. Plaintiffs brought this case without ever even reading their mother's original IRA

CD documentation to see if the 12% rate extended to beneficiaries. They have conceded that they cannot find any such documentation. They likely will demand that JPMCB undertake burdensome efforts to search for those original documents, as well as for other records that potentially go back to the 1980s. Searches for those documents (whether or not JPMCB ever had them or still retains them) would likely be onerous and expensive. *E.g.*, *O'Sullivan*, 2018 WL 1989585, at *8 (agreeing that "the breadth of discovery here would pose a significant burden" where, inter alia, "plaintiffs' claims relate to documents that go back decades in time"); *Integrated Sys.*, 2009 WL 2777076, at *1 (granting stay of discovery in part because the "breadth of the discovery sought in this action will cover a six-year period"). Moreover, such requests are likely to engender motion practice.

Finally, instituting a temporary stay will neither prejudice Plaintiffs nor unnecessarily delay the proceedings. JPMCB's anticipated motion raises discrete and strictly legal questions. No unreasonable amount of time would be involved in briefing or deciding the motion, and "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan*, 2018 WL 1989585, at *9; *see also Rivera v. Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Here, particularly since Plaintiffs' requested relief would fully compensate them if they ultimately prevailed, Plaintiffs cannot demonstrate any special form of prejudice that would in any way warrant denying a stay of discovery.

Accordingly, the Court should hold discovery in abeyance pending resolution of JPMCB's anticipated motion for judgment on the pleadings. Plaintiffs' counsel opposes this request.

        Respectfully submitted,

        */s/ Andrea Likwornik Weiss*

        Andrea Likwornik Weiss

cc: Counsel of Record (via ECF)