UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| David Chasman, Haim Seth Chasman;<br>Plaintiffs<br><br>v.<br><br>JPMorgan Chase Bank, NA<br>Chase Bank, and related subsidiaries,<br>Successor by merger of First National<br>Bank of Chicago<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2)<br><br>HONORABLE NAOMI REICE BUCHWALD<br><br>CASE 1:18-CV-06681 – NRB |

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2)**

Plaintiffs Haim Seth Chasman and David Chasman through their attorney, Stuart Weichsel, hereby move the Court for leave to amend the Complaint in to include additional instances of the underlying breach of contract, and additional claims in the alternative.
.

**Introduction**

1. This matter is in an early stage of litigation and the Court has not yet issued a pre-trial order giving a deadline for filing an amended return.
2. In addition, it is common for a Court to grant a motion to amend a complaint in order to cue defects in light of a pending or imminent motion to dismiss.
3. Plaintiffs move for leave to amend the complaint to add substantial additional ( and more recent) breaches of the underlying contract, address deficiencies in the primary breach of contract claim including references to specific contractual provisions that were breached, and to add additional claims in the alternative, which are applicable only if the primary contract claim is not effective.
4. Finally, Plaintiff raises the primary question of whether substantive Illinois, New Jersey and New York apply to the contract or contracts in question, based on the place that each contract was entered.

## LAW REGARDING FRCP 15(A)(2) MOTION TO AMEND

5. The case law on amendment under FRCP 15(a) points to liberally permitting amendment. The American Law Reporter (ALR) summarizes the law: "It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice in order that every case may, so far as is possible, be determined on the merits and not upon procedural niceties." Timeliness of Amendments to Pleadings, 4 ALR Fed 123.

6. "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial of a motion to amend the pleadings." SHS Inv. V. Nationwide Mutual Ins. Co, 798 F Supp 2d, 811. (S.D. Tex 2011). Case law generally supports granting motions to amend, as explained by this recent Appellate opinion: "We review the district court's denial of leave to amend a complaint under Federal Rule of Civil Procedure 15 for abuse of discretion. Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context may be misleading, because Fed.R.Civ.P. 15(a) evinces a bias in favor of granting leave to amend.' As a result, absent a "substantial reason" such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.' Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." Mayeaux v. Louisiana Hlt. Service 376 F.3d 420, 425 (5th Cir. 2004).

7. The case law on amendment under FRCP 15(a) points to liberally permitting amendment. The rule itself provides: "The court should freely give leave when justice so requires." The American Law Reporter (ALR) summarizes the law: "It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice in order that every case may, so far as is possible, be determined on the merits and not upon procedural niceties." Timeliness of Amendments to Pleadings, 4 ALR Fed 123.

8. Finally, the law in the 2nd Circuit strongly supports granting leave to amend in the face of

a motion to dismiss, as recently by Judge Ramos of the SDNY:

> "The Second Circuit has stated that a court should allow leave to amend a pleading unless the non-moving party can establish "prejudice or bad faith." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)(quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Motions to seek leave to amend are ultimately within the discretion of the district courts, Foman, 371 U.S. at 182, but they should be handled with a "strong preference for resolving disputes on the merits," Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Indeed, upon granting a motion to dismiss, the "usual practice" in this Circuit is to permit amendment of the complaint. See, e.g., Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990); In re Bear Stearns Cos., Inc. Secs., Derivative, & ERISA Litig., No. 07 Civ. 10453 (RWS), 2011 WL 4357166, at *2-3 (S.D.N.Y. Sept. 13, 2011) (noting a "strong preference" in favor of granting leave to amend and collecting cases). Nevertheless, amendment "is not warranted absent some indication as to what [plaintiffs] might add to their complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014)(citations omitted)."    Telemaque v. MARRIOTT INTERNATIONAL, INC., Dist. Court, SD NY 2016

## APPLICATION OF THE LAW TO THE INSTANT CASE
## LACK OF SUBSTANTIAL REASON TO DENY

9. Under the applicable law discussed above, unless there is a substantial and overriding reason to deny the motion to amend at this early stage, the motion should be granted. We address each of these potential claims of a substantial reason below.

10. **Undue delay is not a Factor Permitting Denial of Motion to Amend:** Any claim to undue delay in making this motion to amend is misplaced, since it is common to make a motion to amend when faced with a motion to dismiss. The "timing" in the litigation schedule is standard and favored, instead of a sign of delay. (While the case has is an early procedural stage, it has moved slowly due to illness and death in my family over the past year, and more recently birth.) This case will move more quickly as these early pre-trial conference questions are addressed are decided and the case proceeds to discovery.

11. While this matter is moving slowly before the Court, it is very early in the procedural status of the case. While an answer has been filed no scheduling order has been issued, so by definition this motion to amend is timely regarding any potential scheduling order.

12. Finally, much of the delay in moving this case forward has been the result of court

ordered document searches, and pre-trial conferences that do not result in scheduling orders and discovery. While the orders of the Court have been correctly motivated to achieve judicial efficiency, a significant portion of any delay has not been caused by Plaintiffs.

13. **Bad Faith is Not a Factor to Permit Denial of Motion to Amend:** There have been no allegations or evidence of bad faith in the motion to amend and the motion to amend in response to a motion to dismiss is standard practice.

14. **Lack of Dilatory Motive to Permit Denial:** There is no evidence of dilatory motive that would be evinced from additional evidence. In contrast, Plaintiff's counsel has sought to proceed with discovery: to wit to seek documents regarding a) any prior litigation or claims against Defendants arising out of the same First Chicago contracts; b) practices, procedures and evidence regarding the transfer of securities from Chase IRAs to beneficiaries, c) the history of other First Chicago 12 percent contracts from the 1990s onward and how similar contracts were handled by Bank One (when independent) and Defendants, and d) the automatic rollover of CD's and interest rates when distributed to Beneficiary accounts when interest rates changes make such transfers beneficial or detrimental to the bank.

15. **Failure to Cure Is not a Factor Permitting Denial:** Again, in light of the standard to permit cure in response to a motion to dismiss, the lack of prior efforts to cure is not sufficient to bar amendment when a curing in response to a motion to dismiss is wholly appropriate.

16. **Prejudice is not a Factor Permitting Denial:** The litigation is currently in a very early stage and no depositions or substantial discovery has taken place. Plaintiffs posit that there is no undue delay or prejudice to the opposing party in reforming the complaint at this stage to better provide means of discovery for the underlying facts – the violation of a term or promise of Chase Bank to maintain an Evergreen interest rate. Of course, we also claim neither bad faith nor dilatory motive, but an attempt to follow the guidance of the 1962 Supreme Court in Foman: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis 371 U.S. 178 at 182.

17. **Futility is not a Factor:** The Amended complaint addresses all of the substantive issues

raised by counsel to Defendants in the request to file a motion to dismiss. Defendants properly raise the following points, which are addressed by the draft amendment, enclosed.

18. Defendants reasonably raise various statute of limitations defenses to the two primary claims of Breach of Contract and Fiduciary Duty.
19. This Statute of Limitations defense is addressed by properly citing additional instances of breach of contract and fiduciary duty that are within all of the statute timeframe – by adding the 2015 and 2018 breaches.
20. In addition, the complaint is amended to clarify that both claims seek both monetary and equitable relief.  If the argument that equitable relief is subject to a six-year statute is accurate, then the breach of contract claim is subject to both – and the 2015 and 2018 breaches of contract are well within the statute. The 2018 breach is clearly within the statute for both.
21. The application of any contractual time bar will be the subject of further dispute, but the alleged 2018 breach of contract should be within any statute of limitations claim since this action was filed only weeks into 2018.
22. The lack of specificity in pointing to the provisions of the contracts that were and are breached is remedied by attaching exhibits and pointing directly to the contract provisions that are subject to this claim.
23. Finally, the Breach of Fiduciary duty claim is remedied by addressing that fact that fiduciary duties generally cannot be waived by contract, in many cases even when properly negotiated by parties with equal power, and especially when one of the parties (the Plaintiffs) lacks sufficient negotiating power to prevent imposition of a waiver.
24. All claims are clarified to clearly include all required elements. For example, for the fiduciary duty claim, duty, breach, and causation of damages.
25. Finally, additional legal claims in the alternative are made in the alternative, to address the 2008 transfer and renewal of the CD contract, and that if the underlying boilerplate document prevails, the document as a whole is a deceptive, and subject to consumer deception claims under appropriate state law.

**WITHOUT A SUBSTANTIAL REASON TO DENY THE MOTION THE MOTION SHOULD BE GRANTED**

26. Without a substantial reason to deny the motion to amend, the motion should be granted based in the facts and case law described above. This case should proceed to initial discovery, including document discovery and identification of any current or former employees of the Defendants with substantial knowledge of the underlying facts and disposition of prior claims.

WHEREFORE, Plaintiff prays that this Court GRANT its motion to amend the complaint in accordance with prevailing Supreme Court and 2nd Circuit in light of the strong preference to grant a move to amend.

Respectfully submitted,

/s/  Stuart Weichsel

Stropheus LLC
800 Third Avenue, 28th
New York NY 10022
Attorney for Plaintiff
917-562-4697
 Stuart.Weichsel@Stropheus.com
646-304-7959 (fax)
NY State Bar Number - 2630655