# EXHIBIT 10

# TRADITIONAL IRA CUSTODIAL AGREEMENT
# AND DISCLOSURE STATEMENT

JPMorgan Chase Bank, N.A.
Custodian

# TRADITIONAL IRA CUSTODIAL AGREEMENT

FORM (REV. MARCH 2002)

Form 5305-A under Section 408(a) of the Internal Revenue Code

The Depositor named on the Application is establishing a Traditional individual retirement account under section 408(a) to provide for his or her retirement and for the support of his or her beneficiaries after death.

The Custodian named on the Application has given the Depositor the disclosure statement required by Regulations section 1.408-6.

The Depositor has assigned the Custodial account the sum indicated on the Application.

The Depositor and the Custodian make the following agreement:

### ARTICLE I
Except in the case of a rollover contribution described in section 402(c), 403(a)(4), 403(b)(8), 408(d)(3), or 457(e)(16), an employer contribution to a simplified employee pension plan as described in section 408(k), or a recharacterized contribution described in section 408A(d)(6), the Custodian will accept only cash contributions up to $3,000 per year for tax years 2002 through 2004. That contribution limit is increased to $4,000 for tax years 2005 through 2007 and $5,000 for 2008 and thereafter. For individuals who have reached the age of 50 before the close of the tax year, the contribution limit is increased to $3,500 per year for tax years 2002 through 2004, $4,500 for 2005, $5,000 for 2006 and 2007, and $6,000 for 2008 and thereafter. For tax years after 2008, the above limits will be increased to reflect a cost-of-living adjustment, if any.

### ARTICLE II
The Depositor's interest in the balance in the Custodial account is nonforfeitable.

### ARTICLE III
1. No part of the Custodial account funds may be invested in life insurance contracts, nor may the assets of the Custodial account be commingled with other property except in a common trust fund or common investment fund (within the meaning of section 408(a)(5)).

2. No part of the Custodial account funds may be invested in collectibles (within the meaning of section 408(m)) except as otherwise permitted by section 408(m)(3), which provides an exception for certain gold, silver, and platinum coins, coins issued under the laws of any state, and certain bullion.

### ARTICLE IV
1. Notwithstanding any provision of this Agreement to the contrary, the distribution of the Depositor's interest in the Custodial account shall be made in accordance with the following requirements and shall otherwise comply with section 408(a)(6) and the regulations thereunder, the provisions of which are herein incorporated by reference.

2. The Depositor's entire interest in the Custodial account must be, or begin to be, distributed not later than the Depositor's required beginning date, April 1 following the calendar year in which the Depositor reaches age 70 1/2. By that date, the Depositor may elect, in a manner acceptable to the Custodian, to have the balance in the Custodial account distributed in: (a) a single sum or (b) payments over a period not longer than the life of the Depositor or the joint lives of the Depositor and his or her designated beneficiary.

3. If the Depositor dies before his or her entire interest is distributed to him or her, the remaining interest will be distributed as follows:

    (a) If the Depositor dies on or after the required beginning date and:

      (i) the designated beneficiary is the Depositor's surviving spouse, the remaining interest will be distributed over the surviving spouse's life expectancy as determined each year until such spouse's death, or over the period in paragraph (a)(iii) below if longer. Any interest remaining after the spouse's death will be distributed over such spouse's remaining life expectancy as determined in the year of the spouse's death and reduced by 1 for each subsequent year, or, if distributions are being made over the period in paragraph (a)(iii) below, over such period.

      (ii) the designated beneficiary is not the Depositor's surviving spouse, the remaining interest will be distributed over the beneficiary's remaining life expectancy as determined in the year following the death of the Depositor and reduced by 1 for each subsequent year, or over the period in paragraph (a)(iii) below if longer.

      (iii) there is no designated beneficiary, the remaining interest will be distributed over the remaining life expectancy of the Depositor as determined in the year of the Depositor's death and reduced by 1 for each subsequent year.

    (b) If the Depositor dies before the required beginning date, the remaining interest will be distributed in accordance with (i) below or, if elected or there is no designated beneficiary, in accordance with (ii) below:

      (i) the remaining interest will be distributed in accordance with paragraphs (a)(i) and (a)(ii) above (but not over the period in paragraph (a)(iii), even if longer), starting by the end of the calendar year following the year of the Depositor's death. If, however, the designated beneficiary is the Depositor's surviving spouse, then this distribution is not required to begin before the end of the calendar year in which the Depositor would have reached age 70 1/2. But, in such case, if the Depositor's surviving spouse dies before distributions are required to begin, then the remaining interest will be distributed in accordance with (a)(ii) above (but not over the period in paragraph (a)(iii), even if longer), over such spouse's designated beneficiary's life expectancy, or in accordance with (ii) below if there is no such designated beneficiary.

      (ii) the remaining interest will be distributed by the end of the calendar year containing the fifth anniversary of the Depositor's death.

4. If the Depositor dies before his or her entire interest has been distributed and if the designated beneficiary is not the Depositor's surviving spouse, no additional contributions may be accepted in the account.

5. The minimum amount that must be distributed each year, beginning with the year containing the Depositor's required beginning date, is known as the "required minimum distribution" and is determined as follows:

    (a) the required minimum distribution under paragraph 2(b) for any year, beginning with the year the Depositor reaches age 70 1/2, is the Depositor's account value at the close of business on December 31 of the preceding year divided by the distribution period in the uniform lifetime table in Regulations section 1.401(a)(9)-9. However, if the Depositor's designated beneficiary is his or her surviving spouse, the required minimum distribution for a year shall not be more than the Depositor's account value at the close of business on December 31 of the preceding year divided by the number in the joint and last survivor table in Regulations section 1.401(a)(9)-9. The required minimum distribution for a year under this paragraph (a) is determined using the Depositor's (or, if applicable, the Depositor and spouse's) attained age (or ages) in the year.

    (b) the required minimum distribution under paragraphs 3(a) and 3(b)(i) for a year, beginning with the year following the year of the Depositor's death (or the year the Depositor would have reached age 70 1/2, if applicable under paragraph 3(b)(i)) is the account value at the close of business on December 31 of the preceding year divided by the life expectancy (in the single life table in Regulations section 1.401(a)(9)-9) of the individual specified in such paragraphs 3(a) and 3(b)(i).

    (c) the required minimum distribution for the year the Depositor reaches age 70 1/2 can be made as late as April 1 of the following year. The required minimum distribution for any other year must be made by the end of such year.

6. The owner of two or more Traditional IRAs may satisfy the minimum distribution requirements described above by taking from one Traditional IRA the amount required to satisfy the requirement for another in accordance with the Regulations under section 408(a)(6).

### ARTICLE V
1. The Depositor agrees to provide the Custodian with all information necessary to prepare any reports required by section 408(i) and Regulations sections 1.408-5 and 1.408-6.

2. The Custodian agrees to submit to the Internal Revenue Service (IRS) and Depositor the reports prescribed by the IRS.

### ARTICLE VI
Notwithstanding any other articles which may be added or incorporated, the provisions of Articles I through III and this sentence will be controlling. Any additional articles inconsistent with section 408(a) and the related Regulations will be invalid.

### ARTICLE VII
This Agreement will be amended as necessary to comply with the provisions of the Code and the related Regulations. Other amendments may be made with the consent of the persons whose signatures appear on the Application.

### ARTICLE VIII
8.01  *Definitions:* In this part of this Agreement (Article VIII), the words "you" and "your" mean the Depositor, the words "we," "us" and "our" mean the Custodian, "Code" means the Internal Revenue Code, and "Regulations" means the Treasury Regulations.

8.02  *Agreement:* By executing the Application, you are agreeing to the terms and conditions set forth in this Traditional individual retirement account agreement (as well as the *Account Rules and Regulations*).

8.03  *Notices and Change of Address:* Any required notice regarding this IRA will be considered effective when we send it to the intended recipient at the last address which we have in our records. Any notice to be given to us will be considered effective when we actually receive it. You, or the intended recipient, must notify us of any change of address.

8.04  *Representations and Responsibilities:*

(a) You represent and warrant to us that any information you have given or will give us with respect to this Agreement is complete and accurate. Further, you agree that any directions you give us, or action you take will be proper under this Agreement, and that we are entitled to rely upon any such information or

directions. If we fail to receive directions from you regarding any transaction, or if we receive ambiguous directions regarding any transaction, or we, in good faith, believe that any transaction requested is in dispute, we reserve the right to take no action until further clarification acceptable to us is received from you or the appropriate government or judicial authority. We shall not be responsible for losses of any kind that may result from your directions to us or your actions or failures to act, and you agree to reimburse us for any loss we may incur as a result of such directions, actions or failures to act. We shall not be responsible for any penalties, taxes, judgments or expenses you incur in connection with your IRA. We have no duty to determine whether your contributions or distributions comply with the Code, Regulations, rulings or this Agreement. We may permit you to appoint, through written notice acceptable to us, an authorized agent to act on your behalf with respect to this Agreement (e.g., attorney-in-fact, executor, administrator, investment manager), however, we have no duty to determine the validity of such appointment or any instrument appointing such authorized agent. We shall not be responsible for losses of any kind that may result from directions, actions or failures to act by your authorized agent, and you agree to reimburse us for any loss we may incur as a result of such directions, actions or failures to act by your authorized agent. You will have fourteen (14) days after you receive any documents, statements or other information from us to notify us in writing of any errors or inaccuracies reflected in these documents, statements or other information. If you do not notify us within 14 days, the documents, statements or other information shall be deemed correct and accurate, and we shall have no further liability or obligation for such documents, statements, other information or the transactions described therein.

(b) You represent and warrant that by establishing, designating and funding an IRA or rollover conduit account, you

- are eligible to establish such an account;
- have received a distribution eligible for such treatment; and
- understand the consequences of such a designation.

(c) An account shall be established and maintained under this agreement only by you, acting individually. The account established under this arrangement shall be for your exclusive benefit and that of your beneficiaries.

(d) Except for rollover and transfer contributions, all contributions made by you shall be made in cash and shall be accompanied by such form(s) as may be required by us. You shall be solely responsible for the amount of all contributions to the account, and we shall have no responsibility or liability for determining the amount of any contributions or for any taxes, penalties or other consequences resulting from any such determination.

(e) If this is an IRA rollover, the Custodian may require that a separate IRA be opened to accept regular IRA contributions.

(f) Periodically and on the dates that may be prescribed by law or regulation, we shall mail to you at your last-known address a written report reflecting (a) the receipts, disbursements and other transactions effected by us during the period, (b) the total assets and liabilities of the IRA at the close of the period, and (c) such other information as may be required by law or regulations.

- You shall advise us in writing within 14 days following receipt of such report of any corrections to the report. Upon expiration of such 14-day period, we shall be released and discharged from all liability and accountability to anyone (including the beneficiary) with respect to any acts, transactions and obligations as shown in or reflected by such report, except with respect to any such act or transaction as to which you shall have filed written objections with us within such 14-day period.

- You acknowledge and agree that we may share information regarding all accounts in this IRA, or any other IRA you may hold with us, with our affiliates and third parties (including brokerage agent, clearing broker or mutual fund manager) that provide services for any investments you may hold in an IRA brokerage account in connection with the preparation, processing or retention of said report or other recordkeeping.

(g) No person other than you (or, if you are deceased, your beneficiary) may require an accounting or bring any action against us. We shall have the right at any time to apply to a court of competent jurisdiction for a judicial settlement of the IRA or for a determination of any questions that arise with respect to the IRA. The only necessary party defendant to such action shall be you (or, if you are deceased, your beneficiary), but we may bring in as a party defendant another person(s). The costs of such action, including attorney's fees, shall be charged to the IRA.

(h) We shall be under no duty (a) to take any action other than as specified herein with respect to the IRA unless you furnish us with written instructions and such instructions are specifically agreed to by us in writing, or (b) to defend or engage in any legal action with respect to the IRA unless we first agree in writing to do so and we are fully indemnified to our satisfaction.

(i) We, and others providing services to your account (including any brokerage agent, clearing broker or mutual fund manager), may conclusively rely upon and shall be protected in acting upon any written instructions or other communication received from you or your beneficiary and believed by us or those parties to be genuine and to have been properly executed.

By performing services under this Agreement we are acting as your agent. You acknowledge and agree that nothing in this Agreement shall be construed as conferring fiduciary status upon us. We shall not be required to perform any additional services unless specifically agreed to under the terms and conditions of this Agreement, or as required under the Code and the Regulations promulgated thereunder with respect to IRAs. You agree to indemnify and hold us harmless for any and all claims, actions, proceedings, damages, judgments, liabilities, costs and expenses, including attorney's fees, arising from, or in connection with this Agreement.

To the extent written instructions or notices are required under this Agreement, we may accept or provide such information in any other form permitted by the Code or applicable Regulations.

8.05 *Service Fees:* We have the right to charge an annual service fee or other designated fees (e.g., a transfer, rollover or termination fee) for maintaining your IRA. In addition, we have the right to be reimbursed for all reasonable expenses, including legal expenses, we incur in connection with the administration of your IRA. We may charge you separately for any fees or expenses, or we may deduct the amount of the fees or expenses from the assets in your IRA at our discretion. We reserve the right to charge any additional fee upon 30 days notice to you that the fee will be effective.

Any brokerage commissions attributable to the assets in your IRA will be charged to your IRA. You cannot reimburse your IRA for those commissions.

8.06 *Investment of Amounts in the IRA:* You have exclusive responsibility for and control over the investment of the assets of your IRA. All transactions shall be subject to any and all restrictions or limitations, direct or indirect, which are imposed by our charter, articles of incorporation, or bylaws; any and all applicable Federal and State laws and regulations; the rules, regulations, customs and usages of any exchange, market or clearing house where the transaction is executed; our policies and practices; and this Agreement. After your death, your beneficiary(ies) shall have the right to direct the investment of your IRA assets, subject to the same conditions that applied to you during your lifetime under this Agreement (including, without limitation, Section 8.04 of this article). We shall have no discretion to direct any investment in your IRA. We assume no responsibility for rendering investment advice with respect to your IRA, nor will we offer any opinion or judgment to you on matters concerning the value or suitability of any investment or proposed investment for your IRA. In the absence of instructions from you or unless otherwise specifically agreed to the contrary, IRA assets for which no investment directions have been received (or for which directions have been received but are not reasonably understandable) will be automatically invested in your Chase Retirement Money Market Account ("MMA"), or if no such account has been established, in a MMA that will be established by us on your behalf. When you open an IRA brokerage account, you authorize the Bank to automatically open an MMA (if you do not already have one).

IRA brokerage account transactions will be settled as follows:

- IRA brokerage account transactions (excluding those for Investment Advisory Accounts) will be settled from the funds in the MMA if your IRA brokerage account:
  - was opened on June 28, 2005 or after, or
  - was opened prior to June 28, 2005 <u>and</u> a Money Market Mutual Fund had not been established as your settlement account.
- IRA brokerage account transactions will be settled from the funds in the Money Market Mutual Fund if your brokerage account:
  - is an Investment Advisory Account, or
  - was opened prior to June 28, 2005 <u>and</u> a Money Market Mutual Fund had been established as your settlement account.

We will not exercise the voting rights and other shareholder rights with respect to investments in your IRA unless you provide timely written directions acceptable to us.

You will select the type of investment for your IRA assets, provided, however, that your selection of investments shall be limited to those types of investments that we offer or otherwise make available for investment by your IRA.

8.07 *Beneficiary(ies):* If you die before you receive all of the amounts in your IRA, payments from your IRA will be made to your beneficiary(ies).

You may designate one or more persons or entities as beneficiary of your IRA. This designation can only be made on a form provided by or acceptable to us, and it will only be effective when it is filed with us during your lifetime. Unless otherwise specified, each beneficiary designation you file with us will cancel all previous ones. Unless you are married and live in a community or marital property state, the consent of a beneficiary shall not be required for you to revoke your beneficiary. If you are married and live in a community or marital property state and name someone other than, or in addition to, your spouse, your spouse must consent in writing to the designation. If you have designated both primary and contingent beneficiaries and no primary beneficiary(ies) survives you, the contingent beneficiary(ies) shall acquire the designated share of your IRA. If you do not designate a beneficiary, or if all of your primary and contingent beneficiary(ies) predecease you, your estate will be the beneficiary.

If multiple beneficiaries are designated and are not classified, each shall be deemed to be entitled to an equal share of all amounts that become payable to such beneficiaries under the same terms and conditions applicable to all other such beneficiaries. If multiple beneficiaries are designated within the same class of beneficiaries, each beneficiary within the same class shall be deemed to be entitled to an equal share of all amounts that become payable to the beneficiaries in such class, upon the same terms and conditions applicable to all other such beneficiaries.

To the extent that any person shall be required to survive another in order to become entitled to receive payments from the IRA, if both such persons shall die in circumstances in which there is substantial doubt as to which shall have been the first to die, the person required to survive in order to be entitled to benefits shall be deemed to have predeceased the other.

A spouse beneficiary shall have all rights as granted under the Code or applicable Regulations to treat your IRA as his or her own. We may allow, if permitted by state law, an original IRA beneficiary(ies) (the beneficiary(ies) who is (are) entitled to receive distribution(s) from an inherited IRA at the time of your death) to name a successor beneficiary(ies) for the inherited IRA. This designation can only be made on a form provided by or acceptable to us, and it will only be effective when it is filed with us during the original IRA beneficiary's(ies') lifetime. Unless otherwise specified, each beneficiary designation form that the original IRA beneficiary(ies) files with us will cancel all previous ones. The consent of a successor beneficiary(ies) shall not be required for the original IRA

beneficiary(ies) to revoke a successor beneficiary(ies) designation. If the original IRA beneficiary(ies) does not designate a successor beneficiary(ies), his or her estate will be the successor beneficiary. In no event shall the successor beneficiary(ies) be able to extend the distribution period beyond that required for the original IRA beneficiary.

8.08 *Required Minimum Distributions:* Your required minimum distribution is calculated using the uniform lifetime table in Regulations section 1.401(a)(9)-9. However, if your spouse is your sole designated beneficiary and is more than 10 years younger than you, your required minimum distribution is calculated each year using the joint and last survivor table in Regulations section 1.401(a)(9)-9.

If you fail to request your required minimum distribution by your required beginning date, we can, at our complete and sole discretion, do any one of the following:

- make no distribution until you give us a proper withdrawal request;
- distribute your entire IRA to you in a single sum payment; or
- determine your required minimum distribution from your IRA each year based on your life expectancy, calculated using the uniform lifetime table in Regulations section 1.401(a)(9)-9, and pay those distributions to you until you direct otherwise.

We will not be liable for any penalties or taxes related to your failure to take a required minimum distribution.

8.09 *Termination of Agreement, Resignation, or Removal of Custodian:* Either party may terminate this Agreement at any time by giving written notice to the other. We can resign as Custodian at any time effective 30 days after we mail written notice of our resignation to you. Upon receipt of that notice, you must make arrangements to transfer your IRA to another financial organization. If you do not complete a transfer of your IRA within 30 days from the date we mail the notice to you, we have the right to transfer your IRA assets to a successor IRA custodian or trustee that we choose in our sole discretion, or we may pay your IRA to you in a single sum. We shall not be liable for any actions or failures to act on the part of any successor custodian or trustee, nor for any tax consequences you may incur that result from the transfer or distribution of your assets pursuant to this section.

If this Agreement is terminated, we may charge to your IRA a reasonable amount of money that we believe is necessary to cover any associated costs, including but not limited to, one or more of the following:

- any fees, expenses or taxes chargeable against your IRA;
- any penalties or surrender charges associated with the early withdrawal of any savings instrument or other investment in your IRA.

If we are required to comply with Regulations section 1.408–2(e), and we fail to do so, or we are not keeping the records, making the returns or sending the statements as are required by forms or Regulations, the IRS may, after notifying you, require you to substitute another trustee or custodian.

We may establish a policy requiring distribution of the entire balance of your IRA to you in cash or property if the balance of your IRA drops below the minimum balance required under the applicable investment or policy established.

8.10 *Successor Custodian:* If our organization changes its name, reorganizes, merges with another organization (or comes under the control of any Federal or State agency), or if our entire organization (or any portion which includes your IRA) is bought by another organization, that organization (or agency) shall automatically become the trustee or custodian of your IRA, but only if it is the type of organization authorized to serve as an IRA trustee or custodian.

8.11 *Amendments:* We have the right to amend this Agreement at any time. Any amendment we make to comply with the Code and related Regulations does not require your consent. You will be deemed to have consented to any other amendment unless, within 30 days from the date we mail the amendment, you notify us in writing that you do not consent.

8.12 *Withdrawals or Transfers:*

(a) All requests for withdrawal or transfer shall be in writing on a form provided by or acceptable to us. The method of distribution must be specified in writing. The tax identification number of the recipient must be provided to us before we are obligated to make a distribution. Withdrawals shall be subject to all applicable tax and other laws and regulations, including possible early withdrawal penalties or surrender charges and withholding requirements.

(b) In addition to section 8.12(a) and the terms of Article IV, you may at any time elect to receive distribution of all or part of the assets in your IRA with at least 30 days' written notice to us (or shorter time as permitted by us). A distribution under this section may be made in a lump sum payment or in the form of monthly, quarterly, semi-annual or annual payments (which shall not be de minimis). In the case of any distribution other than single payment of your entire interest in your IRA, you shall direct us as to which assets (or the proceeds thereof ) in the IRA are to be distributed. If you fail to furnish us proper directions, we shall not be required to make any distribution under this section until we receive proper directions. However, you agree that we may exercise our discretion pursuant to section 8.14.

(c) Distributions under Article IV are considered to have begun only if you die on or after your required beginning date. If you die prior to the required beginning date, distributions will not be considered to have begun.

(d) If you elect to have the IRA distributed by the purchase of an annuity contract, you shall arrange the terms and purchase of the annuity.

(e) We shall have no responsibility or liability with respect to any taxes, penalties or other consequences resulting from our compliance with any election as to the distribution of all or part of the account, or our reliance upon any other information, statement or certification as may be provided by you, in order to comply with section 408(a)(6) of the Code. We shall have no responsibility or liability for failing to make any distribution (in order to comply with section 408(a)(6) of the Code) in the absence of any election by you as to the mode of distribution or the receipt by us of such other information, statement or certification as may be required.

8.13 *Transfers from Other Plans:* We can receive amounts transferred to this IRA from the custodian or trustee of another IRA. In addition, we can accept direct rollovers of eligible rollover distributions from employer-sponsored retirement plans as permitted by the Code. We reserve the right not to accept any transfer or direct rollover.

8.14 *Liquidation of Assets:* We have the right to liquidate assets in your IRA if necessary to make distributions or to pay fees, expenses, taxes, penalties or surrender charges properly chargeable against your IRA. If you fail to direct us as to which assets to liquidate, we will decide, in our complete and sole discretion, and you agree not to hold us liable for any adverse consequences that result from our decision.

8.15 *Restrictions on the Fund:* Neither you nor any beneficiary may sell, transfer or pledge any interest in your IRA in any manner whatsoever, except as provided by law or this Agreement.

The assets in your IRA shall not be responsible for the debts, contracts or torts of any person entitled to distributions under this Agreement.

8.16 *What Law Applies:* This Agreement is subject to all applicable federal and state laws and regulations. If it is necessary to apply any state law to interpret and administer this Agreement, the law of New York shall govern.

If any part of this Agreement is held to be illegal or invalid, the remaining parts shall not be affected. Neither your nor our failure to enforce at any time or for any period of time any of the provisions of this Agreement shall be construed as a waiver of such provisions, or your right or our right thereafter to enforce each and every such provision.

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

### Purpose of Form
Form 5305-A is a model Custodial account agreement that meets the requirements of section 408(a) and has been pre-approved by the IRS. A Traditional Individual Retirement Account (Traditional IRA) is established after the form is fully executed by both the individual (Depositor) and the Custodian and must be completed no later than the due date (excluding extensions) of the individual's income tax return for the tax year. This account must be created in the United States for the exclusive benefit of the Depositor and his or her beneficiaries.

**Do not** file Form 5305-A with the IRS. Instead, keep it with your records.

For more information on IRAs, including the required disclosures the Custodian must give the Depositor, see **Pub. 590,** *Individual Retirement Arrangements (IRAs).*

### Definitions
**Custodian.** The custodian must be a Bank or savings and loan association, as defined in section 408(n), or any person who has the approval of the IRS to act as custodian.

**Depositor.** The depositor is the person who establishes the Custodial account.

### Identifying Number
The Depositor's social security number will serve as the identification number of his or her IRA. An employer identification number (EIN) is required only for an IRA for which a return is filed to report unrelated business taxable income. An EIN is required for a common fund created for IRAs.

### Traditional IRA for Nonworking Spouse
Form 5305-A may be used to establish the IRA Custodial account for a nonworking spouse. Contributions to an IRA Custodial account for a nonworking spouse must be made to a separate IRA Custodial account established by the nonworking spouse.

## Specific Instructions

**Article IV.** Distributions made under this article may be made in a single sum, periodic payment, or a combination of both. The distribution option should be reviewed in the year the Depositor reaches age 70 1/2 to ensure that the requirements of section 408(a)(6) have been met.

**Article VIII.** Article VIII and any that follow it may incorporate additional provisions that are agreed to by the Depositor and Custodian to complete the agreement. They may include, for example, definitions, investment powers, voting rights, exculpatory provisions, amendment and termination, removal of the Custodian, Custodian's fees, state law requirements, beginning date of distributions, accepting only cash, treatment of excess contributions, prohibited transactions with the Depositor, etc. Attach additional pages if necessary.

# DISCLOSURE STATEMENT

**RIGHT TO REVOKE YOUR IRA**

If you receive this Disclosure Statement at the time you establish your IRA, you have the right to revoke your IRA within seven (7) days of its establishment. If revoked, you are entitled to a full return of the contribution you made to your IRA. The amount returned to you would not include an adjustment for such items as sales commissions, administrative expenses, or fluctuation in market value. You may make this revocation only by mailing or delivering a written notice to the Custodian at JPMorgan Chase Bank, N.A., 4900 Memorial Highway, Floor 3, Tampa, FL 33634-7536.

If you send your notice by first class mail, your revocation will be deemed mailed as of the postmark date.

If you have any questions about the procedure for revoking your IRA, please call the Custodian at the telephone number listed on the Application.

**REQUIREMENTS OF AN IRA**

A. *CASH CONTRIBUTIONS* - Your contribution must be in cash, unless it is a rollover contribution.

B. *MAXIMUM CONTRIBUTION* - The total amount you may contribute to an IRA for any taxable year cannot exceed the lesser of 100 percent of your compensation or $3,000 for years 2002-2004, $4,000 for years 2005-2007, and $5,000 for 2008, with possible cost-of-living adjustments in years 2009 and thereafter. If you also maintain a Roth IRA, the maximum contribution to your Traditional IRAs (i.e., IRAs subject to Internal Revenue Code (Code) sections 408(a) or 408(b)) is reduced by any contributions you make to your Roth IRA. Your total annual contribution to all Traditional IRAs and Roth IRAs cannot exceed the lesser of the dollar amounts described above or 100 percent of your compensation.

C. *CONTRIBUTION ELIGIBILITY* - You are eligible to make a regular contribution to your IRA if you have compensation and have not attained age 70 1/2 by the end of the taxable year for which the contribution is made.

D. *CATCH-UP CONTRIBUTIONS* - If you are age 50 or older by the close of the taxable year, you may make an additional contribution to your IRA. The maximum additional contribution is $500 for years 2002-2005 and $1,000 for years 2006 and beyond.

E. *NONFORFEITABILITY* - Your interest in your IRA is nonforfeitable.

F. *ELIGIBLE CUSTODIANS* - The Custodian of your IRA must be a Bank, savings and loan association, credit union, or a person or entity approved by the Secretary of the Treasury.

G. *COMMINGLING ASSETS* - The assets of your IRA cannot be commingled with other property except in a common trust fund or common investment fund.

H. *LIFE INSURANCE* - No portion of your IRA may be invested in life insurance contracts.

I. *COLLECTIBLES* - You may not invest the assets of your IRA in collectibles (within the meaning of Code section 408(m)). A collectible is defined as any work of art, rug or antique, metal or gem, stamp or coin, alcoholic beverage, or other tangible personal property specified by the Internal Revenue Service (IRS). However, specially minted United States gold and silver coins, and certain state-issued coins are permissible investments. Platinum coins and certain gold, silver, platinum or palladium bullion (as described in Code section 408(m)(3)) are also permitted as IRA investments.

J. *REQUIRED MINIMUM DISTRIBUTIONS* - You are required to take minimum distributions from your IRA at certain times in accordance with Regulations section 1.408-8. Below is a summary of the IRA distribution rules.

1. You are required to take a minimum distribution from your IRA for the year in which you reach age 70 1/2 and for each year thereafter. You must take your first distribution by your required beginning date, which is April 1 of the year following the year you attain age 70 1/2. The minimum distribution for any taxable year is equal to the amount obtained by dividing the account balance at the end of the prior year by the applicable divisor.

2. The applicable divisor is generally determined using the uniform lifetime table provided by the IRS. The table assumes a designated beneficiary exactly 10 years younger than you, regardless of who is named as your beneficiary(ies), if any. If your spouse is your sole designated beneficiary, and is more than 10 years younger than you, the required minimum distribution is determined annually using the actual joint life expectancy of you and your spouse obtained from the joint and last survivor table provided by the IRS, rather than the life expectancy divisor from the uniform lifetime table.

   We reserve the right to do any one of the following by April 1 of the year following the year in which you turn age 70 1/2:

   (a) make no distribution until you give us a proper withdrawal request,

   (b) distribute your entire IRA to you in a single sum payment, or

   (c) determine your required minimum distribution each year based on your life expectancy calculated using the uniform lifetime table, and pay those distributions to you until you direct otherwise.

3. Your designated beneficiary is determined based on the beneficiary(ies) designated as of the date of your death, who remains your beneficiary(ies) as of September 30 of the year following the year of your death. If you die,

   (a) on or after your required beginning date, distributions must be made to your beneficiary(ies) over the longer of the single life expectancy of your designated beneficiary(ies), or your remaining life expectancy. If a beneficiary other than an individual or qualified trust as defined in the Regulations is named, you will be treated as having no designated beneficiary of your IRA for purposes of determining the distribution period. If there is no designated beneficiary of your IRA, distributions will commence using your single life expectancy, reduced by one in each subsequent year.

   (b) before your required beginning date, the entire amount remaining in your account will, at the election of your designated beneficiary(ies), either

   (i) be distributed by December 31 of the year containing the fifth anniversary of your death, or

   (ii) be distributed over the remaining life expectancy of your designated beneficiary(ies).

   Your designated beneficiary(ies) must elect either option (i) or (ii) by December 31 of the year following the year of your death. If no election is made, distribution will be calculated in accordance with option (ii). In the case of distributions under option (ii), distributions must commence by December 31 of the year following the year of your death. Generally if your spouse is the designated beneficiary, distributions need not commence until December 31 of the year you would have attained age 70 1/2, if later. If a beneficiary(ies) other than an individual or qualified trust as defined in the Regulations is named, you will be treated as having no designated beneficiary(ies) of your IRA for purposes of determining the distribution period. If there is no designated beneficiary of your IRA, the entire IRA must be distributed by December 31 of the year containing the fifth anniversary of your death.

   A spouse who is the sole designated beneficiary of your entire IRA will be deemed to elect to treat your IRA as his or her own by either (1) making contributions to your IRA or (2) failing to timely remove a required minimum distribution from your IRA. Regardless of whether or not the spouse is the sole designated beneficiary of your IRA, a spouse beneficiary may roll over his or her share of the assets to his or her own IRA.

**INCOME TAX CONSEQUENCES OF ESTABLISHING AN IRA**

A. *IRA DEDUCTIBILITY* - If you are eligible to contribute to your IRA, the amount of the contribution for which you may take a tax deduction will depend upon whether you (or, in some cases, your spouse) are an active participant in an employer-maintained retirement plan. If you (and your spouse, if married) are not an active participant, your entire IRA contribution will be deductible. If you are an active participant (or are married to an active participant), the deductibility of your contribution will depend on your modified adjusted gross income (MAGI) and your tax filing status for the tax year for which the contribution was made. MAGI is determined on your income tax return using your adjusted gross income but disregarding any deductible IRA contribution.

**Definition of Active Participant** - Generally, you will be an active participant if you are covered by one or more of the following employer-maintained retirement plans:

1. a qualified pension, profit sharing, 401(k), or stock bonus plan;
2. a qualified annuity plan of an employer;
3. a simplified employee pension (SEP) plan;
4. a retirement plan established by the federal government, a state, or a political subdivision (except certain unfunded deferred compensation plans under Code section 457);
5. a tax-sheltered annuity for employees of certain tax-exempt organizations or public schools;
6. a plan meeting the requirements of Code section 501(c)(18);
7. a qualified plan for self-employed individuals (H.R. 10 or Keogh Plan); and
8. a savings incentive match plan for employees of small employers (SIMPLE) IRA plan or a SIMPLE 401(k) plan.

If you do not know whether your employer maintains one of these plans, or whether you are an active participant in it, check with your employer or your tax advisor. Also, the IRS Form W-2, Wage and Tax Statement, that you receive at the end of the year from your employer will indicate whether you are an active participant.

If you are an active participant and are single, and have MAGI within the applicable phase-out range listed below, the deductible amount of your contribution is determined as follows: (1) begin with the appropriate phase-out range maximum for the applicable year (specified below), and subtract your MAGI; (2) divide this total by the difference between the phase-out maximum and minimum; (3) multiply this number by the maximum allowable contribution for the applicable year, including catch-up contributions if you are age 50 or older. The resulting figure will be the maximum IRA deduction you may take. For example, if you are age 30 with MAGI of $36,000 in 2002, your maximum deductible contribution is $2,400 (the 2002 phase-out range maximum of $44,000 minus your MAGI of $36,000, divided by the difference between the maximum and minimum

phase-out range limits of $10,000 and multiplied by the contribution limit of $3,000.)

If you are an active participant, are married and you file a joint income tax return, and have MAGI within the applicable phase-out range listed below, the deductible amount of your contribution is determined as follows: (1) begin with the appropriate phase-out maximum for the applicable year (specified below), and subtract your MAGI range; (2) divide this total by the difference between the phase-out range maximum and minimum; (3) multiply this number by the maximum allowable contribution for the applicable year, including catch-up contributions if you are age 50 or older. The resulting figure will be the maximum IRA deduction you may take. For example, if you are age 30 with MAGI of $56,000 in 2002, your maximum deductible contribution is $2,400 (the 2002 phase-out maximum of $64,000 minus your MAGI of $56,000, divided by the difference between the maximum and minimum phase-out limits of $10,000 and multiplied by the contribution limit of $3,000.)

If you are an active participant, are married and you file a separate income tax return, your MAGI phase-out range is generally $0 - $10,000. However, if you lived apart for the entire tax year, you are treated as a single filer.

| Tax Year | Joint Filers Phase-out Range* | Single Taxpayers Phase-out Range* |
|---|---|---|
|  | (minimum)(maximum) | (minimum)(maximum) |
| 2002 | $54,000 - $64,000 | $34,000 - $44,000 |
| 2003 | $60,000 - $70,000 | $40,000 - $50,000 |
| 2004 | $65,000 - $75,000 | $45,000 - $55,000 |
| 2005 | $70,000 - $80,000 | $50,000 - $60,000 |
| 2006 | $75,000 - $85,000 | $50,000 - $60,000 |
| 2007** | $80,000 - $100,000 | $50,000 - $60,000 |

*MAGI limits are subject to cost-of-living increases for tax years beginning after 2006.
**The MAGI limits for 2007 listed above are subject to additional increases.

The MAGI phase-out range for an individual that is not an active participant, but is married to an active participant, is $150,000 - $160,000. This limit is also subject to the cost-of-living increases for tax years beginning after 2006. If you are not an active participant in an employer-maintained retirement plan, are married to someone who is an active participant, and you file a joint income tax return with the MAGI between the applicable phaseout range for the year, your maximum deductible contribution is determined as follows: (1) begin with the appropriate MAGI phase-out maximum for the year and subtract your MAGI from it, (2) divide this total by the difference between the phase-out range maximum and minimum; (3) multiply this number by the maximum allowable contribution for the applicable year, including catch-up contributions if you are age 50 or older. The resulting figure will be the maximum IRA deduction you may take.

You must round the resulting deduction to the next highest $10 if the number is not a multiple of 10. If your resulting deduction is between $0 and $200 you may round up to $200.

B. *CONTRIBUTION DEADLINE* - A contribution is deemed to have been made on the last day of the preceding taxable year if you make a contribution by the deadline for filing your income tax return (not including extensions), and you designate that contribution as a contribution for the preceding taxable year. For example, if you are a calendar year tax payer, and you make your IRA contribution on or before April 15, your contribution is considered to have been made for the previous tax year if you designate it as such.

C. *TAX CREDIT FOR CONTRIBUTIONS* - You may be eligible to receive a tax credit for your Traditional IRA contributions. This credit will be allowed in addition to any tax deduction that may apply, and may not exceed $1,000 in a given year. You may be eligible for this tax credit if you are

• age 18 or older as of the close of the taxable year,

• not a dependent of another taxpayer, and

• not a full-time student.

The credit is based upon your income (see chart below), and will range from 0 to 50 percent of eligible contributions. In order to determine the amount of your contributions, add all of the contributions made to your Traditional or Roth IRA and reduce these contributions by any distributions that you have taken during the testing period. The testing period begins two years prior to the year for which the credit is sought and ends on the tax return due date (including extensions) for the year for which the credit is sought. In order to determine your tax credit, multiply the applicable percentage from the chart below by the amount of your contributions that do not exceed $2,000.

| Adjusted Gross Income* | | | Applicable Percentage |
|---|---|---|---|
| Joint Return | Head of a Household | All Other Cases | |
| $1 - 30,000 | $1 - 22,500 | $1 - 15,000 | 50 |
| 30,001 - 32,500 | 22,501 - 24,375 | 15,001 - 16,250 | 20 |
| 32,501 - 50,000 | 24,376 - 37,500 | 16,251 - 25,000 | 10 |
| Over 50,000 | Over 37,500 | Over 25,000 | 0 |

*Adjusted gross income includes foreign earned income and income from Guam, America Samoa, North Mariana Islands and Puerto Rico. AGI limits are subject to cost-of-living adjustments for tax years beginning after 2006.

D. *TAX-DEFERRED EARNINGS* - The investment earnings of your IRA are not subject to federal income tax until distributions are made (or, in certain instances, when distributions are deemed to be made).

E. *NONDEDUCTIBLE CONTRIBUTIONS* - You may make nondeductible contributions to your IRA to the extent that deductible contributions are not allowed. The sum of your deductible and nondeductible IRA contributions cannot exceed your contribution limit (the lesser of the allowable contribution limit described previously, or 100 percent of compensation). You may elect to treat deductible IRA contributions as nondeductible contributions.

If you make nondeductible contributions for a particular tax year, you must report the amount of the nondeductible contribution along with your income tax return using IRS Form 8606. Failure to file IRS Form 8606 will result in a $50 per failure penalty.

If you overstate the amount of designated nondeductible contributions for any taxable year, you are subject to a $100 penalty unless reasonable cause for the overstatement can be shown.

F. *TAXATION OF DISTRIBUTIONS* - The taxation of IRA distributions depends on whether or not you have ever made nondeductible IRA contributions. If you have only made deductible contributions, any IRA distribution will be fully included in income.

If you have ever made nondeductible contributions to any IRA, the following formula must be used to determine the amount of any IRA distribution excluded from income.

$$\frac{\text{(Aggregate Nondeductible Contributions)}}{\text{Aggregate IRA Balance}} \times \text{(Amount Withdrawn)} = \text{Amount Excluded from Income}$$

*NOTE:* Aggregate nondeductible contributions include all nondeductible contributions made by you through the end of the year of the distribution (which have not previously been withdrawn and excluded from income). Also note that the aggregate IRA balance includes the total balance of all of your IRAs as of the end of the year of distribution and any distributions occurring during the year.

G. *ROLLOVERS AND CONVERSIONS* - Your IRA may be rolled over to an IRA of yours, may receive rollover contributions, and may be converted to a Roth IRA, provided that all of the applicable rollover and conversion rules are followed. Rollover is a term used to describe a tax-free movement of cash or other property to your IRA from another IRA, or from your employer's qualified retirement plan, 403(a) annuity plan, 403(b) tax-sheltered annuity, or 457(b) eligible governmental deferred compensation plan. Conversion is a term used to describe the movement of Traditional IRA assets to a Roth IRA. A conversion is generally a taxable event. The rollover and conversion rules are generally summarized below. These transactions are often complex. If you have any questions regarding a rollover or conversion, please see a competent tax advisor.

1. **Traditional IRA to Traditional IRA Rollovers** - Funds distributed from your IRA may be rolled over to an IRA of yours if the requirements of Code section 408(d)(3) are met. A proper IRA to IRA rollover is completed if all or part of the distribution is rolled over not later than 60 days after the distribution is received. You may not have completed another IRA to IRA rollover from the distributing IRA during the 12 months preceding the date you receive the distribution. Further, you may roll over the same dollars or assets only once every 12 months.

2. **SIMPLE IRA to Traditional IRA Rollovers** - Funds may be distributed from your SIMPLE IRA and rolled over to your IRA without IRS penalty provided, two years have passed since you first participated in a SIMPLE IRA plan sponsored by your employer. As with Traditional IRA to Traditional IRA rollovers, the requirements of Code section 408(d)(3) must be met. A proper SIMPLE IRA to IRA rollover is completed if all or part of the distribution is rolled over not later than 60 days after the distribution is received. You may not have completed another SIMPLE IRA to IRA or SIMPLE IRA to SIMPLE IRA rollover from the distributing SIMPLE IRA during the 12 months preceding the date you receive the distribution. Further, you may roll over the same dollars or assets only once every 12 months.

3. **Employer-Sponsored Retirement Plan to Traditional IRA Rollovers** - You may roll over, directly or indirectly, any eligible rollover distribution from an eligible employer-sponsored retirement plan. An eligible rollover distribution is defined generally as any distribution from a qualified retirement plan, 403(a) annuity, 403(b) tax-sheltered annuity, or 457(b) eligible governmental deferred compensation plan (other than distributions to nonspouse beneficiaries), unless it is part of a certain series of substantially equal periodic payments, a required minimum distribution, a hardship distribution, or a distribution of Roth 401(k) or Roth 403(b) elective deferrals.

If you elect to receive your rollover distribution prior to placing it in an IRA, thereby conducting an indirect rollover, your plan administrator will generally be required to withhold 20 percent of your distribution as a payment of income taxes. When completing the rollover, you may make up the amount withheld, out of pocket, and roll over the full amount distributed from your employer-sponsored retirement plan. To qualify as a rollover, your eligible rollover distribution must be rolled over to your IRA not later than 60 days after you receive it. Alternatively, you may claim the withheld amount as income, and pay the applicable income tax and, if you are under age 59 1/2, the 10 percent early distribution penalty (unless an exception to the penalty applies).

As an alternative to the indirect rollover, your employer generally must give you the option to directly roll over your employer-sponsored retirement plan balance to an IRA. If you elect the direct rollover option, your eligible rollover distribution will be paid directly to the IRA (or other eligible employer-sponsored retirement plan) that you designate. The 20 percent withholding requirements do not apply to direct rollovers.

4. **Nonspouse Beneficiary Rollovers from Employer-Sponsored Retirement Plans** - If you are a nonspouse beneficiary of a deceased employer plan participant, you may directly roll over inherited assets from a qualified retirement plan, 403(a) annuity, 403(b) tax-sheltered annuity, or 457(b) governmental deferred compensation plan to an inherited IRA. The IRA must be maintained as an inherited IRA, subject to the beneficiary distribution requirements, (i.e. you may not roll these assets to your own IRA).

5. **Traditional IRA to Employer-Sponsored Retirement Plans** - You may roll over, directly or indirectly, any eligible rollover distribution from an IRA to an employer's qualified retirement plan, 403(a) annuity, 403(b) tax-sheltered annuity, or 457(b) eligible governmental deferred compensation plan so long as the employer-sponsored retirement plan accepts such rollover contributions. An eligible rollover distribution is defined as any taxable distribution from an IRA that is not a part of a required minimum distribution.

6. **Traditional IRA to Roth IRA Conversions** - If your modified adjusted gross income is not more than $100,000, and you are not married filing a separate income tax return, you are eligible to convert all or any portion of your existing Traditional IRA(s) into your Roth IRA(s). However, if you are age 70 1/2 or older you must remove your required minimum distribution prior to converting your Traditional IRA. The amount of the conversion from your Traditional IRA to your Roth IRA shall be treated as a distribution for income tax purposes, and is includible in your gross income (except for any nondeductible contributions). Although the conversion amount is generally included in income, the 10 percent early distribution penalty shall not apply to conversions from a Traditional IRA to a Roth IRA, regardless of whether you qualify for any exceptions to the 10 percent penalty.

7. **Qualified HSA Funding Distribution** - If you are eligible to contribute to a health savings account (HSA), you may be eligible to take a one-time tax-free HSA funding distribution from your IRA and directly deposit it to your HSA. The amount of the qualified HSA funding distribution may not exceed the maximum HSA contribution limit in effect for the type of high deductible health plan coverage (i.e. single or family coverage) that you have at the time of the deposit, and counts toward your HSA contribution limit for that year. For further detailed information, you may wish to obtain IRS Publication 969, *Health Savings Accounts and Other Tax-Favored Health Plans*.

8. **Written Election** - At the time you make a proper rollover to an IRA, you must designate in writing to us, your election to treat that contribution as a rollover. Once made, the rollover election is irrevocable.

H. *TRANSFER DUE TO DIVORCE* - If all or any part of your IRA is awarded to your spouse or former spouse in a divorce or legal separation proceeding, the amount so awarded will be treated as the spouse's IRA (and may be transferred pursuant to a court-approved divorce decree or written legal separation agreement to another IRA of your spouse), and will not be considered a taxable distribution to you. A transfer is a tax-free direct movement of cash and/or property from one Traditional IRA to another.

I. *RECHARACTERIZATIONS* - If you make a contribution to a Traditional IRA and later recharacterize either all or a portion of the original contribution to a Roth IRA along with net income attributable, you may elect to treat the original contribution as having been made to the Roth IRA. The same methodology applies when recharacterizing a contribution from a Roth IRA to a Traditional IRA. If you have converted from a Traditional IRA to a Roth IRA you may recharacterize the conversion along with net income attributable back to the Traditional IRA. The deadline for completing a recharacterization is your tax filing deadline (including any extensions), for the year for which the original contribution was made or conversion completed.

**LIMITATIONS AND RESTRICTIONS**

A. *SEP PLANS* - Under a simplified employee pension (SEP) plan that meets the requirements of Code section 408(k), your employer may make contributions to your IRA. Your employer is required to provide you with information which describes the terms of your employer's SEP plan.

B. *SPOUSAL IRA* - If you are married and have compensation, you may contribute to an IRA established for the benefit of your spouse for any year prior to the year your spouse turns age 70 1/2, regardless of whether or not your spouse has compensation. You may make these spousal contributions even if you are age 70 1/2 or older. You must file a joint income tax return for the year for which the contribution is made.

The amount you may contribute to your IRA and your spouse's IRA is the lesser of 100 percent of your combined compensation or $6,000 for 2002-2004, $8,000 for 2005-2007, and $10,000 for 2008. This amount may be increased with cost-of-living adjustments in 2009 and beyond. However, you may not contribute more than the individual contribution limit to each IRA.

If your spouse is age 50 or older by the close of the taxable year, and is otherwise eligible, you may make an additional contribution to your spouse's IRA. The maximum additional contribution is $500 for years 2002-2005, and $1,000 for years 2006 and beyond.

C. *DEDUCTION OF ROLLOVERS AND TRANSFERS* - A deduction is not allowed for rollover contributions or transfers.

D. *GIFT TAX* - Transfers of your IRA assets to a beneficiary made during your life and at your request may be subject to federal gift tax under Code section 2501.

E. *SPECIAL TAX TREATMENT* - Capital gains treatment and 10-year forward income averaging authorized by Code section 402 do not apply to IRA distributions.

F. *INCOME TAX TREATMENT* - Any withdrawal from your IRA is subject to federal income tax withholding. You may, however, elect not to have withholding apply to your IRA withdrawal. If withholding is applied to your withdrawal, not less than 10 percent of the amount withdrawn must be withheld.

G. *TAX-FREE CHARITABLE DISTRIBUTIONS* - If you are age 70 1/2 or older, you may make tax-free distributions of up to $100,000 per year directly from your IRA to certain charitable organizations. Special tax rules may apply. For further detailed information you may wish to obtain IRS Publication 590, *Individual Retirement Arrangements* from the IRS. This provision applies to distributions during tax years 2008 and 2009.

H. *PROHIBITED TRANSACTIONS* - If you or your beneficiary engage in a prohibited transaction with your IRA, as described in Code section 4975, your IRA will lose its tax-deferred status, and you must include the value of your account in your gross income for the taxable year you engage in the prohibited transaction. The following transactions are examples of prohibited transactions with your IRA: (1) taking a loan from your IRA; (2) buying property for personal use (present or future) with IRA funds; or (3) receiving certain bonuses or premiums because of your IRA.

I. *PLEDGING* - If you pledge any portion of your IRA as collateral for a loan, the amount so pledged will be treated as a distribution, and will be included in your gross income for the taxable year in which you pledge the assets.

**FEDERAL TAX PENALTIES**

A. *EARLY DISTRIBUTION PENALTY* - If you are under age 59 1/2 and receive an IRA distribution, an additional tax of 10 percent will apply, unless made on account of 1) death, 2) disability, 3) a qualifying rollover, 4) the timely withdrawal of an excess contribution, 5) a series of substantially equal periodic payments (at least annual payments) made over your life expectancy or the joint life expectancy of you and your beneficiary, 6) medical expenses which exceed 7.5 percent of your adjusted gross income, 7) health insurance payments if you are separated from employment and have received unemployment compensation under a federal or state program for at least 12 weeks, 8) certain qualified education expenses, 9) first-home purchases (up to a lifetime maximum of $10,000), 10) a levy issued by the IRS, or 11) active military duty (see *Qualified Reservist Distributions*, below). This additional tax will apply only to the portion of a distribution which is includible in your taxable income.

B. *EXCESS CONTRIBUTION PENALTY* - An additional tax of six percent is imposed upon any excess contribution you make to your IRA. This additional tax will apply each year in which an excess remains in your IRA. An excess contribution is any amount that is contributed to your IRA that exceeds the amount that you are eligible to contribute.

C. *EXCESS ACCUMULATION PENALTY* - As previously described, you must take a required minimum distribution by your required beginning date for the year you attain age 70 1/2 and by the end of each year thereafter. Your beneficiary(ies) is required to take certain minimum distributions after your death. An additional tax of 50 percent is imposed on the amount of the required minimum distribution which should have been taken but was not.

D. *PENALTY REPORTING* - You must file IRS Form 5329 along with your income tax return to the IRS to report and remit any additional taxes.

**OTHER**

A. *IRS PLAN APPROVAL* - The Agreement used to establish this IRA has been approved by the IRS. The IRS approval is a determination only as to form. It is not an endorsement of the plan in operation or of the investments offered.

B. *ADDITIONAL INFORMATION* - You may obtain further information on IRAs from your District Office of the IRS. In particular, you may wish to obtain IRS Publication 590, *Individual Retirement Arrangements*, by calling 1-800-TAX-FORM, or by visiting www.irs.gov on the Internet.

C. *IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT* - To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial organizations to obtain, verify, and record information that identifies each person who opens an account. What this means for you: When you open an account, you are required to provide your name, residential address, date of birth, and identification number. We may require other information that will allow us to identify you.

D. *HURRICANE RELATED RELIEF* - If you are an individual who sustained an economic loss due to, or are otherwise considered affected by, Hurricane Katrina, Rita or Wilma, you may be eligible for favorable tax treatment on distributions and rollovers from your Traditional IRA. Qualified distributions include Traditional IRA distributions made on or after specified dates for each hurricane and before January 1, 2007 to a qualified individual. For a complete definition of what constitutes a qualified individual and a qualified hurricane distribution for purposes of hurricane relief, refer to IRS Publication 4492, *Information for Taxpayers Affected by Hurricanes Katrina, Rita and Wilma*.

1. **10 Percent Penalty Exception for Qualified Distributions** - Qualified hurricane distributions are not subject to the 10 percent early distribution penalty tax. This penalty exception applies only to the first $100,000 of qualified distributions to each individual.

2. **Taxation May Be Spread Over Three Years** - If you receive qualified hurricane distributions, you may elect to include the distribution in your gross income ratably over three years beginning with the year of the distribution.

3. **Repayment of Qualified Hurricane Distributions** - You may roll over qualified hurricane distributions to an eligible retirement plan, and avoid federal income taxation, within three years of the date of receipt of the distribution. The 60-day rollover rule does not apply to these distributions.

For further detailed information on tax relief granted for hurricanes Katrina, Rita and Wilma, and other exceptions which may be granted in the future by the IRS, you may wish to obtain IRS Publication 590, *Individual Retirement Arrangements* from the IRS.

E. *QUALIFIED RESERVIST DISTRIBUTIONS* - If you are a qualified reservist called to active duty, you may be eligible to take penalty-free distributions from your IRA and recontribute those amounts to an IRA generally within a two-year period from your date of return. For further detailed information you may wish to obtain IRS Publication 590, *Individual Retirement Arrangements* from the IRS.

# FINANCIAL DISCLOSURE FOR FDIC-INSURED ACCOUNTS
# ANNUAL CONTRIBUTIONS

As Custodian, we are required to provide you with a projection of the growth of your IRA based on certain assumptions. The following tables indicate the amounts available if you were to withdraw your funds at the indicated times based on an annual deposit of $1,000, made on the first day of each year, using a .01% interest rate. If the funds are deposited in a Chase Retirement Certificate of Deposit, the bank penalty for early withdrawal is $25 plus 3% of the amount withdrawn. If the funds are deposited in a Chase Retirement Money Market Account, there is no bank penalty for withdrawal. The potential $30 IRA Annual Fee is also reflected in the projected dollar amounts. Please see *Account Rules and Regulations* for a complete listing of fees that your retirement plan may be subject to. The projected annual amounts are only projections and are based on many assumptions. They are not guaranteed, but depend on many factors including the interest rates and terms of future funding instruments. Rates for Chase Retirement Money Market Accounts are variable rates and, as such, cannot be reasonably projected.

## Value After First Five Years

This table shows the amount that would be available to you if you were to withdraw your funds at the indicated times based on the assumptions stated above.

| End of Year | No Penalty | $25 plus 3% |
|---|---|---|
| 1 | $970 | $916 |
| 2 | $1,940 | $1,857 |
| 3 | $2,911 | $2,798 |
| 4 | $3,881 | $3,740 |
| 5 | $4,851 | $4,681 |

## Values at Ages 60, 65 and 70

This table shows the amounts that would be available to you if you were to withdraw your funds at the end of the years in which you would attain ages 60, 65 and 70. Find your age as of the beginning of the year in which the IRA was established and funded, and then the values as of end of the years in which you would attain ages 60, 65 and 70 follow.

### No Penalty

| Present Age | 60 | 65 | 70 |
|---|---|---|---|
| 18 | $40,828 | $45,700 | $50,574 |
| 19 | $39,854 | $44,725 | $49,599 |
| 20 | $38,880 | $43,751 | $48,624 |
| 21 | $37,906 | $42,776 | $47,649 |
| 22 | $36,932 | $41,802 | $46,674 |
| 23 | $35,958 | $40,828 | $45,700 |
| 24 | $34,985 | $39,854 | $44,725 |
| 25 | $34,011 | $38,880 | $43,751 |
| 26 | $33,038 | $37,906 | $42,776 |
| 27 | $32,064 | $36,932 | $41,802 |
| 28 | $31,091 | $35,958 | $40,828 |
| 29 | $30,118 | $34,985 | $39,854 |
| 30 | $29,145 | $34,011 | $38,880 |
| 31 | $28,172 | $33,038 | $37,906 |
| 32 | $27,199 | $32,064 | $36,932 |
| 33 | $26,227 | $31,091 | $35,958 |
| 34 | $25,254 | $30,118 | $34,985 |
| 35 | $24,282 | $29,145 | $34,011 |
| 36 | $23,309 | $28,172 | $33,038 |
| 37 | $22,337 | $27,199 | $32,064 |
| 38 | $21,365 | $26,227 | $31,091 |
| 39 | $20,392 | $25,254 | $30,118 |
| 40 | $19,420 | $24,282 | $29,145 |
| 41 | $18,448 | $23,309 | $28,172 |
| 42 | $17,477 | $22,337 | $27,199 |
| 43 | $16,505 | $21,365 | $26,227 |
| 44 | $15,533 | $20,392 | $25,254 |
| 45 | $14,562 | $19,420 | $24,282 |
| 46 | $13,590 | $18,448 | $23,309 |
| 47 | $12,619 | $17,477 | $22,337 |
| 48 | $11,648 | $16,505 | $21,365 |
| 49 | $10,676 | $15,533 | $20,392 |
| 50 | $9,705 | $14,562 | $19,420 |
| 51 | $8,734 | $13,590 | $18,448 |
| 52 | $7,763 | $12,619 | $17,477 |
| 53 | $6,793 | $11,648 | $16,505 |
| 54 | $5,822 | $10,676 | $15,533 |
| 55 | $4,851 | $9,705 | $14,562 |
| 56 | $3,881 | $8,734 | $13,590 |
| 57 | $2,911 | $7,763 | $12,619 |
| 58 | $1,940 | $6,793 | $11,648 |
| 59 | $970 | $5,822 | $10,676 |
| 60 |  | $4,851 | $9,705 |
| 61 |  | $3,881 | $8,734 |
| 62 |  | $2,911 | $7,763 |
| 63 |  | $1,940 | $6,793 |
| 64 |  | $970 | $5,822 |
| 65 |  |  | $4,851 |
| 66 |  |  | $3,881 |
| 67 |  |  | $2,911 |
| 68 |  |  | $1,940 |
| 69 |  |  | $970 |

### $25 plus 3%

| Present Age | 60 | 65 | 70 |
|---|---|---|---|
| 18 | $39,578 | $44,304 | $49,032 |
| 19 | $38,633 | $43,358 | $48,086 |
| 20 | $37,688 | $42,413 | $47,140 |
| 21 | $36,744 | $41,468 | $46,195 |
| 22 | $35,799 | $40,523 | $45,249 |
| 23 | $34,855 | $39,578 | $44,304 |
| 24 | $33,910 | $38,633 | $43,358 |
| 25 | $32,966 | $37,688 | $42,413 |
| 26 | $32,022 | $36,744 | $41,468 |
| 27 | $31,078 | $35,799 | $40,523 |
| 28 | $30,134 | $34,855 | $39,578 |
| 29 | $29,190 | $33,910 | $38,633 |
| 30 | $28,246 | $32,966 | $37,688 |
| 31 | $27,302 | $32,022 | $36,744 |
| 32 | $26,358 | $31,078 | $35,799 |
| 33 | $25,415 | $30,134 | $34,855 |
| 34 | $24,471 | $29,190 | $33,910 |
| 35 | $23,528 | $28,246 | $32,966 |
| 36 | $22,585 | $27,302 | $32,022 |
| 37 | $21,642 | $26,358 | $31,078 |
| 38 | $20,699 | $25,415 | $30,134 |
| 39 | $19,756 | $24,471 | $29,190 |
| 40 | $18,813 | $23,528 | $28,246 |
| 41 | $17,870 | $22,585 | $27,302 |
| 42 | $16,927 | $21,642 | $26,358 |
| 43 | $15,985 | $20,699 | $25,415 |
| 44 | $15,042 | $19,756 | $24,471 |
| 45 | $14,100 | $18,813 | $23,528 |
| 46 | $13,157 | $17,870 | $22,585 |
| 47 | $12,215 | $16,927 | $21,642 |
| 48 | $11,273 | $15,985 | $20,699 |
| 49 | $10,331 | $15,042 | $19,756 |
| 50 | $9,389 | $14,100 | $18,813 |
| 51 | $8,447 | $13,157 | $17,870 |
| 52 | $7,506 | $12,215 | $16,927 |
| 53 | $6,564 | $11,273 | $15,985 |
| 54 | $5,622 | $10,331 | $15,042 |
| 55 | $4,681 | $9,389 | $14,100 |
| 56 | $3,740 | $8,447 | $13,157 |
| 57 | $2,798 | $7,506 | $12,215 |
| 58 | $1,857 | $6,564 | $11,273 |
| 59 | $916 | $5,622 | $10,331 |
| 60 |  | $4,681 | $9,389 |
| 61 |  | $3,740 | $8,447 |
| 62 |  | $2,798 | $7,506 |
| 63 |  | $1,857 | $6,564 |
| 64 |  | $916 | $5,622 |
| 65 |  |  | $4,681 |
| 66 |  |  | $3,740 |
| 67 |  |  | $2,798 |
| 68 |  |  | $1,857 |
| 69 |  |  | $916 |

**Note:** Decimal places were dropped in projections

# FINANCIAL DISCLOSURE FOR FDIC-INSURED ACCOUNTS
# SINGLE SUM DEPOSIT

As Custodian, we are required to provide you with a projection of the growth of your IRA based on certain assumptions. The following tables indicate the amounts available if you were to withdraw your funds at the indicated times based on a single sum deposit (i.e. one time rollover or transfer) of $1,000, made on the first day of the first year, using a .01% interest rate. If the funds are deposited in a Chase Retirement Certificate of Deposit, the bank penalty for early withdrawal is $25 plus 3% of the amount withdrawn. If the funds are deposited in a Chase Retirement Money Market Account, there is no bank penalty for withdrawal. The potential $30 IRA Annual Fee is also reflected in the projected dollar amounts. Please see *Account Rules and Regulations* for a complete listing of fees that your retirement plan may be subject to. The projected annual amounts are only projections and are based on many assumptions. They are not guaranteed, but depend on many factors including the interest rates and terms of future funding instruments. Rates for Chase Retirement Money Market Accounts are variable rates and, as such, cannot be reasonably projected.

## Value After First Five Years

This table shows the amount that would be available to you if you were to withdraw your funds at the indicated times based on the assumptions stated above.

| End of Year | No Penalty | $25 plus 3% |
|---|---|---|
| 1 | $970 | $916 |
| 2 | $940 | $887 |
| 3 | $910 | $858 |
| 4 | $880 | $829 |
| 5 | $850 | $800 |

## Values at Ages 60, 65 and 70

This table shows the amounts that would be available to you if you were to withdraw your funds at the end of the years in which you would attain ages 60, 65 and 70. Find your age as of the beginning of the year in which the IRA was established and funded, and then the values as of end of the years in which you would attain ages 60, 65 and 70 follow.

| Present Age | No Penalty 60 | No Penalty 65 | No Penalty 70 | Present Age | $25 plus 3% 60 | $25 plus 3% 65 | $25 plus 3% 70 |
|---|---|---|---|---|---|---|---|
| 18 | $0 | $0 | $0 | 18 | $0 | $0 | $0 |
| 19 | $0 | $0 | $0 | 19 | $0 | $0 | $0 |
| 20 | $0 | $0 | $0 | 20 | $0 | $0 | $0 |
| 21 | $0 | $0 | $0 | 21 | $0 | $0 | $0 |
| 22 | $0 | $0 | $0 | 22 | $0 | $0 | $0 |
| 23 | $0 | $0 | $0 | 23 | $0 | $0 | $0 |
| 24 | $0 | $0 | $0 | 24 | $0 | $0 | $0 |
| 25 | $0 | $0 | $0 | 25 | $0 | $0 | $0 |
| 26 | $0 | $0 | $0 | 26 | $0 | $0 | $0 |
| 27 | $12 | $0 | $0 | 27 | $0 | $0 | $0 |
| 28 | $42 | $0 | $0 | 28 | $15 | $0 | $0 |
| 29 | $72 | $0 | $0 | 29 | $44 | $0 | $0 |
| 30 | $102 | $0 | $0 | 30 | $74 | $0 | $0 |
| 31 | $132 | $0 | $0 | 31 | $103 | $0 | $0 |
| 32 | $162 | $12 | $0 | 32 | $132 | $0 | $0 |
| 33 | $192 | $42 | $0 | 33 | $161 | $15 | $0 |
| 34 | $222 | $72 | $0 | 34 | $190 | $44 | $0 |
| 35 | $252 | $102 | $0 | 35 | $219 | $74 | $0 |
| 36 | $282 | $132 | $0 | 36 | $248 | $103 | $0 |
| 37 | $311 | $162 | $12 | 37 | $277 | $132 | $0 |
| 38 | $341 | $192 | $42 | 38 | $306 | $161 | $15 |
| 39 | $371 | $222 | $72 | 39 | $335 | $190 | $44 |
| 40 | $401 | $252 | $102 | 40 | $364 | $219 | $74 |
| 41 | $431 | $282 | $132 | 41 | $393 | $248 | $103 |
| 42 | $461 | $311 | $162 | 42 | $422 | $277 | $132 |
| 43 | $491 | $341 | $192 | 43 | $452 | $306 | $161 |
| 44 | $521 | $371 | $222 | 44 | $481 | $335 | $190 |
| 45 | $551 | $401 | $252 | 45 | $510 | $364 | $219 |
| 46 | $581 | $431 | $282 | 46 | $539 | $393 | $248 |
| 47 | $611 | $461 | $311 | 47 | $568 | $422 | $277 |
| 48 | $641 | $491 | $341 | 48 | $597 | $452 | $306 |
| 49 | $671 | $521 | $371 | 49 | $626 | $481 | $335 |
| 50 | $701 | $551 | $401 | 50 | $655 | $510 | $364 |
| 51 | $731 | $581 | $431 | 51 | $684 | $539 | $393 |
| 52 | $761 | $611 | $461 | 52 | $713 | $568 | $422 |
| 53 | $791 | $641 | $491 | 53 | $742 | $597 | $452 |
| 54 | $821 | $671 | $521 | 54 | $771 | $626 | $481 |
| 55 | $850 | $701 | $551 | 55 | $800 | $655 | $510 |
| 56 | $880 | $731 | $581 | 56 | $829 | $684 | $539 |
| 57 | $910 | $761 | $611 | 57 | $858 | $713 | $568 |
| 58 | $940 | $791 | $641 | 58 | $887 | $742 | $597 |
| 59 | $970 | $821 | $671 | 59 | $916 | $771 | $626 |
| 60 |  | $850 | $701 | 60 |  | $800 | $655 |
| 61 |  | $880 | $731 | 61 |  | $829 | $684 |
| 62 |  | $910 | $761 | 62 |  | $858 | $713 |
| 63 |  | $940 | $791 | 63 |  | $887 | $742 |
| 64 |  | $970 | $821 | 64 |  | $916 | $771 |
| 65 |  |  | $850 | 65 |  |  | $800 |
| 66 |  |  | $880 | 66 |  |  | $829 |
| 67 |  |  | $910 | 67 |  |  | $858 |
| 68 |  |  | $940 | 68 |  |  | $887 |
| 69 |  |  | $970 | 69 |  |  | $916 |

**Note:** Decimal places were dropped in projections

# FINANCIAL DISCLOSURE FOR NON-FDIC INSURED ACCOUNTS

If you hold investments in your IRA, the value of your IRA will be solely dependent on the performance of the investments chosen for your IRA and the fees and charges for the IRA itself and for such investments. Therefore no projection of the growth of your IRA can reasonably be known or guaranteed.

The current fees and charges for your IRA are set forth in the *Account Rules and Regulations*. As provided in the *Account Rules and Regulations*, fees may be changed after notice to you. The fees and charges connected with the investments selected for your IRA (which are set forth in the applicable prospectus or contract) may include sales commissions, investment management fees, distribution fees, set up fees, annual maintenance fees, surrender or termination fees. The method for computing and allocating annual earnings (interest, dividends, etc.) on your investment (which are also set forth in the applicable prospectus or contract) will vary with the nature and issuer of the investment chosen.