# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

DAVID CHASMAN and HAIM SETH
CHASMAN,

              Plaintiffs,

   -against-

JPMORGAN CHASE BANK, N.A.
CHASE BANK, AND RELATED
SUBSIDIARIES, successor by merger of
FIRST NATIONAL BANK OF CHICAGO,

              Defendants.
───────────────────────────────────────

Case No. 18-cv-6681

ANSWER

        Defendant JPMorgan Chase Bank, N.A. ("JPMCB" or "Defendant"), also sued herein as "Chase Bank," by its attorneys Becker, Glynn, Muffly, Chassin & Hosinski LLP, for its answer to plaintiffs' complaint filed on March 12, 2018 (the "Complaint"),[1] responds as follows:

        1.      Paragraph 1 of the Complaint alleges no facts and merely purports to describe the nature of this action. Accordingly, no response is required. Defendant refers to the Complaint for the allegations thereof.

        2.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Haim Seth Chasman and David Chasman (together, the "Chasmans") are individuals who were the designated non-spouse beneficiaries on a Traditional IRA Certificate of Deposit account owned by Rose Ann Chasman that was maintained at JPMCB (the "IRA CD"), and that after the death of Ms. Chasman, the Chasmans' respective portions of the balance of the funds in the IRA CD were transferred to separate Traditional Beneficiary IRA Certificate of Deposit accounts

───────────────────────────────────────
[1] Plaintiffs filed the Complaint in the Supreme Court of the State of New York, County of New York (Index No. 651179/2018). JPMCB removed the state court action to this Court by Notice of Removal dated July 25, 2018.

established at JPMCB in each of their names (together, the "Beneficiary IRA CDs").

3. Denies the allegations contained in paragraph 3 of the Complaint, and states that JPMCB is a national banking association whose main office is located in Columbus, Ohio.

4. Paragraph 4 of the Complaint constitutes a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that the Chasmans were the designated non-spouse beneficiaries for the IRA CD, and that after the death of Rose Ann Chasman, the Chasmans' respective portions of the balance of the funds in the IRA CD were transferred to the Beneficiary IRA CDs.

6. Admits the allegations contained in paragraph 6 of the Complaint, except clarifies that First National Bank of Chicago was, at the time of the described merger, an operating name of First Chicago NBD Corp., which was later merged with Banc One Corp., resulting in a new entity named Bank One Corp., and that Bank One Corp. later merged with and was acquired by JPMorgan Chase & Co., in connection with which Bank One, N.A. ("Bank One"), a subsidiary of Bank One Corp., merged with JPMCB.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. To the extent that paragraph 10 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that Rose Ann Chasman completed a Bank One Traditional IRA Application and Agreement dated October 30, 1999 and refers to that document for the contents thereof.

11. To the extent that paragraph 11 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. To the extent that paragraph 12 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

FIRST CAUSE OF ACTION
(Breach of Contract – Specific Performance)

14. To the extent that paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Defendant otherwise denies the allegations contained in paragraph 14 of the Complaint, except admits that the Chasmans were the designated non-spouse beneficiaries on the IRA CD, and that after the death of Rose Ann Chasman, the Chasmans' respective portions of the balance of the funds in the IRA CD were transferred to the Beneficiary IRA CDs.

3

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that JPMCB renewed the Beneficiary IRA CDs in 2009, and states that it erroneously did so at a renewal interest rate of 12% APY, as a result of which plaintiffs received a benefit to which they were not legally entitled.

16. To the extent that paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Defendant otherwise denies the allegations contained in paragraph 16 of the Complaint, and states that plaintiffs had no legal right by contract or otherwise to receive the 12% interest rate they claim.

17. To the extent that paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies that plaintiffs are entitled to the relief they demand in paragraph 17 of the Complaint.

18. To the extent that paragraph 18 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies that plaintiffs are entitled to the relief they demand in paragraph 18 of the Complaint.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty of Custodian)

19. In response to paragraph 19 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Paragraph 20 of the Complaint constitutes a conclusion of law, to which no responsive pleading is required. To the extent that a response is required, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint constitutes a conclusion of law, to which

no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. To the extent that paragraph 22 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. To the extent that paragraph 23 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. To the extent that paragraph 24 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. To the extent that paragraph 25 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. To the extent that paragraph 26 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies that plaintiffs are entitled to the relief they demand in paragraph 26 of the Complaint.

27. To the extent that paragraph 27 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that a response is required, Defendant denies that plaintiffs are entitled to the relief they demand in paragraph 27 of the Complaint.

28. To the extent that the allegations of the Complaint are not fully addressed in paragraphs 1 through 27 of this answer, Defendant denies all remaining allegations of the Complaint.

DEFENSES

Defendant, without assuming the burden of proof on those matters for which plaintiffs bear such burden, alleges for its defenses in this action as follows:

FIRST DEFENSE

29. The Complaint fails to state a cause of action.

SECOND DEFENSE

30. The Complaint is barred to the extent that plaintiffs fail or have failed to mitigate damages.

THIRD DEFENSE

31. The Complaint is barred by the applicable statute of limitations.

FOURTH DEFENSE

32. The Complaint is barred by the applicable limitations period set forth in the account or other agreement(s) governing the IRA CD and/or the Beneficiary IRA CDs

FIFTH DEFENSE

33. The Complaint is barred by the terms and conditions of the account or other agreement(s) governing the IRA CD and/or the Beneficiary IRA CDs.

SIXTH DEFENSE

34. The Complaint is barred by the principles of waiver, ratification and/or estoppel.

SEVENTH DEFENSE

35. The Complaint is barred because Defendant acted in good faith and in a commercially reasonable manner and did not engage in any negligent or otherwise culpable conduct.

EIGHTH DEFENSE

36. The Complaint is barred by principles of unjust enrichment, as plaintiffs are seeking a rate of interest to which they are not legally entitled and which, if awarded to them, would result in an inequitable windfall to plaintiffs at the expense of Defendant.

WHEREFORE, Defendant demands judgment (i) dismissing the Complaint; (ii) awarding Defendant its costs, disbursements, and attorneys' fees in connection with this action; and (iii) awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 1, 2018

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

By: _____
    Andrea Likwornik Weiss
    Gregory P. Feit
299 Park Avenue
New York, New York 10171
Tel: (212) 888-3033
aweiss@beckerglynn.com
gfeit@beckerglynn.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*