# EXHIBIT 3

United States District Court
for the Southern District of New York

| | |
|---|---|
| Haim Seth Chasman; David Chasman<br>Plaintiffs<br><br>v.<br><br>JPMorgan Chase Bank, NA<br>Chase Bank, and related subsidiaries,<br>Successor by merger of First National<br>Bank of Chicago<br><br>Defendants | )<br>)<br>)<br>) FIRST AMENDED<br>) SUMMONS AND COMPLAINT<br>)<br>) Civil Action No. 17-cv-1210<br>) Judge Buchwald<br>)<br>) |

FIRST AMENDED COMPLAINT
BREACH OF CONTRACT
AND FIDUCIARY DUTY

Plaintiffs Haim Seth Chasman and David Chasman allege, on information and belief, through their attorney, Stuart Weichsel, the following complaint against the following defendants the JPMorgan Chase Bank, NA, Chase Bank, and related subsidiaries, if any:
.

**Jurisdiction and Venue**

1. This is an action for enforcement of a contract and is based on diversity jurisdiction, 28 USC 1332.
2. Haim Seth Chasman and David Chasman are individuals and the beneficial owners and beneficiares of an IRA account at JPMorgan Chase inherited from their late mother Rose Ann Chasman.
3. Neither Haim Seth Chasman or David Chasman are a residents of either New York state or Delaware for the purposes of this matter since both reside in the State of New Jersey.
4. JPMorgan Chase NA is a Delaware corporation with its world and U.S. headquarters in New York, NY. (sourced from New York State Secretary of State, Principal Executive Office: JPMorgan Chase Bank, N.A. 270 Park Avenue, 38th Flr New York, New York, 10017).
5. The plaintiffs allege that the present value of the contracts in question is greater than

$75,000.

### Parties

6. As stated above, both Haim Seth Chasman and David Chasman is an individual and the beneficial owner of IRA accounts at JPMorgan Chase inherited from his late mother, Rose Ann Chasman.
7. JPMorgan Chase et. al. Is the successor in interest by merger of First National Bank of Chicago, formerly a federally chartered bank based in Chicago Illinois. First National Bank of Chicago was later merged with Bank One, which was later merged and acquired by Defendant JPMorgan Chase.

### Introduction

8. On or about 1983, First National Bank of Chicago advertised and offered three year Certificates of Deposit offering a fixed and automatically renewing rate of 12 percent per annum – an evergreen renewal provision.
9. Rose Ann Chasman, along with her husband, Richard Roy Chasman, ("Original Depositors") accepted signed up for Individual Retirement Accounts and deposited $3,000 each, and invested the IRA assets in the Certificates of Deposit offered by First National Bank of Chicago.
10. At each renewal time thereafter the Original Depositors renewed the Certificates of Deposit within the IRA accounts held by First National Bank of Chicago.
11. After Bank One acquired by merger First National Bank of Chicago, Rose Ann Chasman completed a new IRA application and agreement, but asserted her right to have the Certificate of Deposit maintained at the same rate since the CD remained an asset of the IRA (held by the bank as trustee or custodian).
12. While some IRA's hold various securities such as stocks, bonds, or mutual funds, the IRAs created by the Original Depositors IRAs held Certificates of Deposit, which are contracts between the bank as a counterparty and the IRA beneficiary / custodian himself. (https://en.wikipedia.org/wiki/Individual_retirement_account#Restricted_investments)
13. Just as an IRA custodian can and does distribute assets such as securities in an in-kind

Page **2** of **5**

trustee to trustee transfer, the rollover of the Certificates of Deposit to the Beneficiary IRAs pursuant to a legally binding beneficiary designation was (and should have been) in-kind as well. The asset being transferred in-kind is Certificate of Deposit contract (with its valuable contractual terms) to the beneficiary IRAs of the Plaintiffs.

14. Defendants, as counterparty on the contract distributed, have fraudulently attempted to unilaterally modify the binding contractual terms of the Certificate of Deposit on transfer, and/or they have represented without contractual basis that the Certificate of Deposit contract rights did not transfer from the IRA account of Rose Ann Chasman to the beneficiary IRA accounts.

## FIRST CLAIM
## BREACH OF CONTRACT   - SPECIFIC PERFORMANCE

15. As stated above Plaintiffs are the beneficial owners of beneficiary IRAs inherited from Rose Ann Chasman that contain, or should contain, Certificates of Deposit with favorable interest rates. These Certificates of Deposit are the valuable contractual assets transferred in-kind from the decedent's Traditional IRA.
16. Defendants JPMorgan Chase et al correctly and appropriate renewed these Certificates of Deposit according to their terms in 2009.
17. In 2012 the Defendants breached the terms of these contracts and refused to renew these contracts, committing a substantial breach of contract that destroys the benefit of the bargain of the evergreen contracts to Plaintiffs.
18. Plaintiff prays that the Court awards the Plaintiffs specific performance and re-instate the terms of the original contracts according to their terms, permitting evergreen renewal of the Certificates of Deposit at the rate originally provided, 12 percent per annum.
19. Plaintiff further prays that the Court award the Plaintiff monetary damages, amounting to the difference between the amount of interest paid on the Certificates of Deposit currently held by the Beneficiary IRAs and order specific performance – that the defendant pay the true and correct 12 percent per annum interest rate on a court modified asset.

## SECOND CLAIM – BREACH OF FIDICUARY DUTY OF CUSTODIAN

20. Plaintiff realleges all of the facts stated above in paragraphs 1 through 19.
21. The Defendants JP Morgan Chase et al acted and acts as "Custodian" of the assets – the Certificates of Deposit – held by both the transferor decedent's IRA and the transferee Beneficiary IRAs.
22. The Defendant alleges to have permitted the alteration of the contract terms of the Certificates of Deposit, transferred, breaching its duty to maintain the value, safety, and security of the assets from extra-contractual and unilateral alteration by the contractual counter-party.
23. Acting as Custodian, the Defendant had the fiduciary duty to maintain the safety and security of the assets held by the Custodian, including the duty to act with due care in the in-kind transfer of the Certificates of Deposit, without permitting the unilateral alteration of the contracts.
24. If the Defendant acting as custodian did permit an alteration, in the contractual asset of the account, Defendant breached its duty to protect and maintain the account assets as a custodian or fidiciuary and has caused substantial damages to the assets held in trust.
25. Defendant has and had a duty, Plaintiffs, allege that it breached that duty, said breach caused damage to the Plaintiffs, and said damages were substantial economic damages.
26. Since Defendants acting as custodian and Defendants acting as bank counterparty are one party or one economic duty, this court can order specific performance as well as damages.
27. Plaintiffs pray that the Court awards the Plaintiffs specific performance and re-instate the terms of the original contracts according to their terms, permitting evergreen renewal of the Certificates of Deposit at the rate originally provided, 12 percent per annum.
28. Plaintiffs further pray that the Court award the Plaintiffs monetary damages, amounting to the difference between the amount of interest paid on the Certificates of Deposit currently held by the Beneficiary IRAs and the correct 12 percent per annum interest rate.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against defendant as follows:

1. Plaintiffs pray that the Court awards the Plaintiffs specific performance and re-instate the

terms of the original contracts according to their terms, permitting evergreen renewal of the Certificates of Deposit at the rate originally provided, 12 percent per annum.

2. Plaintiffs further pray that the Court award the Plaintiffs monetary damages, amounting to the difference between the amount of interest paid on the Certificates of Deposit currently held by the Beneficiary IRAs and the correct 12 percent per annum interest rate.

3. Permanent injunction, ordering Defendants to reinstate the Certificate of Contract contracts with evergreen provisions as originally agreed, to return the Plaintiffs to their original position and enjoining Defendants from further attempts to modify the Certificate of Deposit contracts, and:

A. An award of monetary damages sufficient to compensate Plaintiff for the injuries suffered as a result of Defendant's wrongful conduct;

B. An award to Plaintiffs of their costs and reasonable attorney's fees expended in this action, and

C. An award of such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiff reserves the right to demand a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Stuart Weichsel

Passive Legal Services, P.C.
Attorney for Plaintiff
535 W 110th Street, Suite 3A, New York NY 10025
917-562-4697
[Weichsel @ gmail.com]
646-304-7959 (fax)
NY State Bar Number - 2630655

Page 5 of 5