May 14, 2013

Stephen M. Cutler
General Counsel
Legal Department
JP Morgan Chase Bank, N.A.
New York, NY 10017

Dear Sir,

It appears that we are failing to make any progress regarding the issue referenced in the attached documents. As beneficiaries of a modest account set up by our late mother many years ago, we expected that the account would continue to grow at the same rate based on the documentation that we received from our father. For some reason, your company is unwilling to pay the agreed upon rate without having or at least providing any documentation to the contrary, although it has been requested on multiple occasions.

We would like you to contact us with a resolution to the problem within the next thirty (30) days or we will have no alternative but to contact the government agencies who have dealt with this issue in the past as evidenced by the attached letter.

We look forward to hearing from you.

Sincerely,


Haim Chasman
548 Cumberland Street
Englewood, NJ 07631
917-562-5664
haimchasman@gmail.com

cc:   David Chasman
      Sita Govindan- Operations Manager
      Chase Retirement Services

April 17, 2013

Sita Govindan
Operations Manager
Chase Retirement Services
JPMorgan Chase Bank, N.A.

Ms. Govindan:

We are in receipt of your letter dated March 19, 2013 although we received it in a FedEx envelope dated April 9 so I hope you can understand why we were unable to provide a response as of April 5, 2013 as requested. Thank you for providing us with the text from Section 5.D of the Chase Deposit Account Agreement regarding Automatically Renewable CDs. After reviewing it, it was unclear as to the applicability to the account in question, which is an inherited IRA established with the predecessor bank.

My father, who is thankfully very much alive, and holds the same account as my mother's, continues to automatically renew his CD every three years at the 12% rate. In the past, when the predecessor bank attempted to change the rate, it was addressed, as evidenced by the attached letter, by the OCC. In summary, there has been no issue of renewal at the rate in question on this account/CD.

We have also attached the beneficiary form executed by our mother with the predecessor bank, clearly accepted by the bank, as we received our equal shares in the account after her death based on this agreement. This document, accepted by the bank, specifically states that under no circumstances did my mother agree to any reduction in rates. If you have another document that you received from her designating us as beneficiaries, please provide it to us.

As you can see, in addition to the specific statement "My signature does not constitute a permission to change interest rates or fees" the text directly beneath in the form provided by the bank states:

Unless otherwise indicated above, the BENEFITS payable hereunder shall be paid in equal shares to the Primary Beneficiary(ies).

It is unclear to us what benefit in addition to or greater than the 12% interest rate is provided, but we would certainly be interested in learning more on the subject.

Once again, we are requesting that you provide any and all documents directly related to accounts of this specific nature other than those we have provided. If you have any questions, please feel free to contact me directly.

Sincerely,


Haim Chasman

917-562-5664

June 11, 2013

Sondra D. Simmons
Vice President and Assistant General Counsel
Legal Department
JP Morgan Chase & Co.
10 S. Dearborn Street
Chicago, IL 60603

Dear Ms. Simmons,

Thank you for your letter of June 4, 2013. We did find it somewhat confusing and were hoping that you could clarify a couple of points. Our understanding was that the inherited IRA consisted of an Automatically Renewing CD that renewed every 3 years, but that both our mother and her beneficiaries had the ability to decline the renewal at that time. Chase and its predecessor banks have renewed this CD every three years since it was created and even after our mother passed away. We were unaware that this renewal aspect was ever an issue. In fact, it appears that the only issue Chase had was with the interest rate being paid.

With regard to perpetuity, our understanding is that as an inherited IRA, it is subject to a Minimum Required Distribution as part of our portfolio of inherited IRA accounts which would ultimately keep the account from continuing to grow at the same pace in perpetuity. We are also confused by the "benefits" referred to in the beneficiary form filed with Bank One and what they are other than the 12% rate.

Lastly, as small customers, we were confused and intimidated by the June 28 deadline you put on the settlement offer as it does not leave us much time to understand these complex issues or review our rights with the various government agencies such as the Consumer Financial Protection Bureau or the Office of the Comptroller of the Currency.

If possible, please provide us with answers and clarification to the aforementioned issues so that we can get a better understanding of Chase's position.

Sincerely,

Haim Chasman
David Chasman

E: haimchasman@gmail.com T: 917-562-5664 F: 201-586-0448
548 Cumberland Street, Englewood, NJ 07631