UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DAVID CHASMAN and HAIM SETH
CHASMAN,

                Plaintiffs,

      -against-

JPMORGAN CHASE BANK, N.A.
CHASE BANK, AND RELATED
SUBSIDIARIES, successor by merger of
FIRST NATIONAL BANK OF CHICAGO,

                Defendants.

_____

No. 18-cv-6681 (NRB)


**ORAL ARGUMENT REQUESTED**


**DEFENDANT JPMORGAN CHASE BANK, N.A.'s REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR
<u>JUDGMENT ON THE ORIGINAL PLEADINGS</u>**


BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT ..................................................................................................................................2

POINT I

THE COURT SHOULD AWARD JUDGMENT ON THE ORIGINAL PLEADINGS
WITH RESPECT TO PLAINTIFFS' BREACH OF CONTRACT CLAIM ..................................2

POINT II

THE COURT SHOULD AWARD JUDGMENT ON THE ORIGINAL PLEADINGS
WITH RESPECT TO PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM .....................6

      A.    No Fiduciary Duty Is Created by 26 U.S.C. § 408, and Nothing in That Statute
           Bars the Custodian of an IRA from Disclaiming Fiduciary Duties ........................6

      B.    There Is No Factual Issue Regarding Whether Chase Owed
           Plaintiffs A Fiduciary Duty...................................................................................8

      C.    The Fiduciary Duty Claim Should Be Dismissed Because It Is Duplicative
           of the Breach of Contract Claim ...........................................................................9

POINT III

JUDGMENT ON THE ORIGINAL PLEADINGS IS ALSO WARRANTED
BECAUSE BOTH OF PLAINTIFFS' CLAIMS ARE TIME-BARRED ....................................10

CONCLUSION............................................................................................................................10

# TABLE OF AUTHORITIES

Cases                                                                                          Page

*AT&T Corp. v. Syniverse Techs., Inc.*,
   No. 12 Civ. 1812 (NRB), 2014 WL 4412392 (S.D.N.Y. Sept. 8, 2014) (Buchwald, J.).......... 10

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
   No. 16-cv-7014 (VSB), 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018).................................... 10

*Frouge Corp. v. Chase Manhattan Bank (Nat'l Ass'n)*,
   426 F. Supp. 794 (S.D.N.Y. 1976)....................................................................................... 7

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   756 F.2d 230, 241 (2d Cir. 1985)...................................................................................... 5 n.5

*Grgurev v. Licul*,
   No. 1:15-CV-9805-GHW, 2016 WL 6652741 (S.D.N.Y. Nov. 10, 2016)................................ 4

*Grund v. Del. Charter Guarantee & Trust Co.*,
   788 F. Supp. 2d 226 (S.D.N.Y. 2011)............................................................................... 8, 9

*Hines v. FiServ, Inc.*,
   No. 808-cv-2569-T-30AEP, 2010 WL 1249838 (M.D. Fla. Mar. 25, 2010) ........................ 7, 8

*In re Sunpoint Sec., Inc.*,
   Adv. No. 99-6073, 2006 WL 8426830 (Bankr. E.D. Tex. Apr. 17, 2006)............................... 6

*Kaplan v. Old Mut. PLC*,
   526 F. App'x 70 (2d Cir. 2013) ............................................................................................ 4

*Lewis v. Del. Charter Guarantee & Tr. Co.*,
   No. 14-CV-1779 (KAM), 2015 WL 1476403 (E.D.N.Y. Mar. 31, 2015),
   *aff'd as modified*, 642 F. App'x 23 (2d Cir. 2016) ......................................................... 6-7, 9

*Mandelbaum v. Fiserv, Inc.*,
   787 F. Supp. 2d 1226 (D. Colo. 2011).................................................................................. 8

*N. Shipping Funds I, LLC v. Icon Capital Corp.*,
   921 F. Supp. 2d 94 (S.D.N.Y. 2013).................................................................................... 9

*Townes ex rel. Estate of Townes v. Cove Haven, Inc.*,
   No. 00 CV 5603(RCC), 2004 WL 2403467 (S.D.N.Y. Oct. 27, 2004).................................... 5

*UBS Fin. Servs., Inc. v. Aliberti*,
   113 N.E.3d 335 (Mass App. Ct. 2018) ............................................................................... 7, 8

*UBS Fin. Servs., Inc. v. Aliberti*,
   119 N.E.3d 297 (Sup. Jud. Ct. Mass. 2018) ................................................................ 8 n.8


Statutes & Rules

26 U.S.C. § 402(c)(8)................................................................................................... 3

26 U.S.C. § 402(c)(11)................................................................................................. 3

26 U.S.C. § 408 .............................................................................................. 1, 6, 7, 8

26 U.S.C. § 408(a) .................................................................................................... 6, 7

26 U.S.C. § 408(d) ....................................................................................................... 3

26 U.S.C. § 408(h) ..................................................................................................... 6, 7


Other Authorities

IRS Publication 590-B (2007),
   https://www.irs.gov/pub/irs-prior/p590--2007.pdf ....................................................... 3

IRS Publication 590-B (2008),
   https://www.irs.gov/pub/irs-prior/p590--2008.pdf ....................................................... 3

IRS Publication 590-B (2009),
   https://www.irs.gov/pub/irs-prior/p590--2009.pdf ....................................................... 3

IRS Publication 590-B (2018),
   https://www.irs.gov/publications/p590b#en_US_2018_publink1000230538 ........................... 3

Rev. Proc. 89-52, 1989-37 I.R.B. 17 ............................................................................. 3

Defendant Chase[1] respectfully submits this reply memorandum of law in further support

of its motion for judgment on the pleadings.

## PRELIMINARY STATEMENT

As was explained in Chase's Moving Brief, the Complaint identifies no provision of any

contract that required Chase to pay Plaintiffs 12% interest on their Beneficiary IRA CDs.  The

same is true of their Opposition Brief.  Plaintiffs argue that they are entitled to the 12% rate as

"successors or assigns" of their mother's IRA CD, but that is wrong both as a matter of law and

as of contract.  Plaintiffs are beneficiaries of their mother's IRA CD, not successors or assigns

who stand in her shoes as parties to her contract.  Under the Internal Revenue Code, they were

required to establish new, beneficiary IRA accounts, which is exactly what they did.  They are

bound by the contracts governing their own Beneficiary IRA CDs, pursuant to which they would

receive the then-standard interest rate in effect upon each three-year renewal.  Nor, contrary to

Plaintiffs' argument, is there any ambiguity in these contracts requiring a factual inquiry into

whether Chase is required to perpetually provide them with a 12% rate on their CDs.

Plaintiffs likewise fail to raise any argument sufficient to defeat Chase's motion for

judgment on the pleadings on their breach of fiduciary duty claim.  They contend that Chase

owed them a fiduciary duty under § 408 of the Internal Revenue Code, but the statute by its

terms does not impose a fiduciary duty on an IRA custodian, and the caselaw construing it is

clear that it does not.  Any fiduciary duty can only arise under state common law.  As was

explained in Chase's Moving Brief, under New York law, a fiduciary duty may be disclaimed,

and here it was.  Moreover, as Plaintiffs themselves acknowledge, a claim for fiduciary breach

---

[1] All abbreviations and capitalized terms not defined herein have the same definitions as in Chase's memorandum of law in support of its motion for judgment on the pleadings and in opposition to Plaintiffs' motion to amend the Complaint (ECF No. 34, "Moving Brief" or "Mov. Br.").  Plaintiffs' memorandum of law in opposition to Chase's motion and in reply on its motion to amend (ECF No. 38) is referred to herein as the "Opposition Brief" or "Opp."

that merely duplicates a breach of contract claim cannot survive.  Here, the breach of contract and breach of fiduciary duty claims are substantively identical, and the latter should also be dismissed for that independent reason.

Finally, Plaintiffs fail to even confront, much less refute, Chase's showing that both of their claims are time-barred.  The Court should grant judgment on the pleadings dismissing the Complaint in its entirety for that separate reason, as well.

## ARGUMENT

As a threshold matter, Plaintiffs misconceive the nature of the instant motion.  In accordance with the Court's Order dated June 3, 2019 (ECF No. 30), and consistent with basic procedural logic, Chase's motion is for judgment on the *original* pleadings.  Plaintiffs, however, purport to oppose the motion by reference to allegations in their proposed amended complaint. *See, e.g.*, Opp. 10 ("The Court Should Deny Chase's Motion for Judgment on the Pleadings (As Amended) . . . ."; "The Amended Complaint Clearly Identifies the Specific Contract Terms . . . ."); 16 ("The Amended Complaint Clearly States a Claim for Breach of Fiduciary Duty . . . ."). That is improper.  To the extent that Plaintiffs rely on allegations set forth solely in their PAC, the Court should disregard their arguments.[2]

## POINT I

### THE COURT SHOULD AWARD JUDGMENT ON THE ORIGINAL PLEADINGS WITH RESPECT TO PLAINTIFFS' BREACH OF CONTRACT CLAIM

As was shown in Chase's Moving Brief (at 11-13), the Complaint fails to state a claim for breach of contract because it is devoid of allegations identifying any specific contractual provision that Chase supposedly breached, and because no provision in the actually governing

---

[2] And for the reasons set forth in Chase's Moving Brief (ECF No. 34, at 18-29), Plaintiffs' proposed amendments would in all events be futile.

contracts requires Chase to pay Plaintiffs a 12% rate.  Plaintiffs' Opposition Brief provides no basis for concluding otherwise.

Plaintiffs make the following argument:  The Deposit Account Agreement applies to "successors and assigns," and, having alleged that the contract governing their mother's IRA CD specified a 12% rate, Plaintiffs are entitled to the 12% rate as her successors and assigns.  Opp. 11.[3]  In so arguing, Plaintiffs concede the controlling effect of the Deposit Account Agreement while ignoring its plain terms regarding interest rates, which provide that automatically renewable CDs shall renew with the then-applicable standard "interest rate then in effect on the renewal date."  Deck Decl., Exs. 1, 2 (both at 11).  Also, the Deposit Account Agreement does not allow an accountholder to transfer or assign an account without Chase's written consent, Deck Decl., Exs. 1, 2 (both at 20), which is not alleged to have been given here.[4]  And, in any event, Plaintiffs were *not* their mother's contractual successors or assigns; rather, they were the designated *beneficiaries* on her IRA CD account.  Plaintiffs themselves recognize as much in the Complaint.  *See, e.g.*, Compl. ¶ 2 (alleging that they are "beneficiaries of an IRA account").

As is stated in IRS Publication 590-B (2018), a non-spouse beneficiary of a traditional IRA cannot "treat the inherited IRA as [his] own"; instead, the beneficiary must establish a new account "in the name of the deceased IRA owner for the benefit of you as beneficiary."  *See* https://www.irs.gov/publications/p590b#en_US_2018_publink1000230538; *see also* IRS Publication 590-B for each of the years 2007-2009 (same); 26 U.S.C. § 408(d); Rev. Proc. 89-52, 1989-37 I.R.B. 17; *cf.* 26 U.S.C. § 402(c)(8), (c)(11).  Simply put, Plaintiffs do not stand in their

---

[3] Plaintiffs incorrectly assert that Chase has "conceded the Evergreen provision applied to Ms. Chasman and, that as indicated in the 1991 letter [from First Chicago to Ms. Chasman (which Plaintiffs annex as a proposed exhibit to the PAC)], it would survive any automatic amendment of general terms."  Opp. 11.  Chase has made no such concessions, either in its Answer or its Moving Brief.

[4] The Deposit Account Agreement is, however, binding on the accountholder's "personal representative, executors, administrators, and successors."  Deck Decl., Exs. 1, 2 (both at 20).

mother's shoes.  And indeed, consistent with the law, Plaintiffs established new accounts.

Farmer Decl., Exs. 5 (account named "Chasman David Bene of Rose Ann Chasman"); 7

(account named "Chasman Chaim Bene of Rose Ann Chasman").

Furthermore, when Plaintiffs established their Beneficiary IRA CD accounts, they

expressly acknowledged that they were bound by two new contracts:  "I have received, read, and

agree to the terms that govern my share as contained in the IRA Custodial Agreement and

Disclosure Statement and *Account Rules and Regulations*."  *Id.*, Exs.1, 1A, 2 (all at 3).  Thus,

when Plaintiffs requested the withdrawals of proceeds from their mother's IRA CD, they did not

succeed her as either owners of her IRA CD or as legal parties to the contract that had governed

that CD.  Instead, the money in her account was transferred to Plaintiffs' Beneficiary IRA CDs,

and Plaintiffs became bound by different contracts with Chase governing those accounts.

Plaintiffs cannot avoid this reality by conflating the terms "successor" and "beneficiary."

Plaintiffs further argue that a January 1991 letter from First Chicago to their mother (the

"First Chicago Letter") and the "hand typed" terms on their so-called "Addendum" to their

Beneficiary Forms should together be accepted as contractual terms overriding Chase's "general

boilerplate."  Opp. 12.  The unauthenticated First Chicago Letter is neither attached to the

Complaint nor referenced therein, and accordingly it is not properly considered on Chase's

motion for judgment on the pleadings.  *See* Mov. Br. 10.  In all events, for the reasons set forth in

Chase's Moving Brief (which also contains Chase's opposition to Plaintiffs' motion to amend),

the First Chicago Letter and the Addendum fail to satisfy the fundamental principle under New

York law that "a contract is not binding unless its terms are sufficiently certain and definite."

*Grgurev v. Licul*, No. 1:15-CV-9805-GHW, 2016 WL 6652741, at *7 (S.D.N.Y. Nov. 10, 2016);

*see also Kaplan v. Old Mut. PLC*, 526 F. App'x 70, 72 (2d Cir. 2013) ("Contract modification

requires . . . manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."). Mov. Br. 22-23.[5]

Finally, Plaintiffs' contention that the Court may look to a supposed "course of conduct" in considering whether they have a claim for breach of contract, Opp. 14-16, is meritless. In support of their course-of-conduct argument, Plaintiffs claim that, following the recent death of their father, Chase created new accounts in their names as his beneficiaries and assigned to those new accounts the "Evergreen interest rate" that had applied to his IRA CD. *Id.* at 14-15. But none of these allegations are set forth in the Complaint or otherwise properly before the Court on this motion. *See, e.g.*, *Townes ex rel. Estate of Townes v. Cove Haven, Inc.*, No. 00 CV 5603(RCC), 2004 WL 2403467, at *3 (S.D.N.Y. Oct. 27, 2004) ("On a motion for judgment on the pleadings, . . . the Court cannot go beyond the allegations in the complaint and documents referenced in, or attached to, the complaint.").[6]

Nor is there any "course of conduct" of Chase paying 12% interest on Plaintiffs' Beneficiary IRA CDs established with funds inherited from their mother. The Complaint alleges that this occurred once, upon renewal in 2009, and then stopped. Compl. ¶¶ 15-16. By definition, one occurrence cannot establish a "course" of conduct, as Plaintiffs concede. Opp. 16.[7]

---

[5] Plaintiffs also wrongly argue, Opp. 12-13, that Chase contends that CDs are not contractual in nature. CDs are plainly contractual in nature. Chase's argument was that CDs are not securities. Mov. Br. 13. The decision Plaintiffs cite is not to the contrary. It involved "something more than an individual certificate of deposit"; the investors there, rather than buying ordinary, bank-issued, FDIC-insured CDs, bought "an opportunity to participate in [an investment firm's] CD Program and its secondary market." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 241 (2d Cir. 1985).

[6] Nor do the unauthenticated documents that Plaintiffs attach to their brief as Exhibits 1 and 2 demonstrate that Chase established Beneficiary IRA CDs for them upon their father's death or that a 12% rate would apply to any such CDs in perpetuity upon renewal after their father's death. Even taking Plaintiffs at their word, they are invoking supposed events that took place nearly seven years after the alleged breach at issue in the Complaint and which involve a different CD whose terms are not before the Court. Characterizing such events as part of a "course of conduct" is absurd.

[7] Chase's Answer states that application of a 12% rate to Plaintiffs' CDs in 2009 was erroneous. Answer ¶ 15.

Consequently, the breach of contract claim should be dismissed.

## POINT II

### THE COURT SHOULD AWARD JUDGMENT ON THE ORIGINAL PLEADINGS WITH RESPECT TO PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM

In its Moving Brief, Chase demonstrated (at 14-15) that the Complaint fails to state a

viable claim for breach of fiduciary duty because no such duty is owed where, as here, an

express contractual disclaimer applies, and because the claim is premised upon the same legally

deficient theory underlying the breach of contract claim. Plaintiffs argue (i) that Internal

Revenue Code provisions relating to IRAs give rise to a fiduciary duty that the custodians of

such accounts may not disclaim, and (ii) that there is a question of fact here as to whether a

fiduciary duty exists, precluding resolution of the case at this stage. Opp. 16-20. Their

arguments are meritless.

### A. No Fiduciary Duty Is Created by 26 U.S.C. § 408, and Nothing in That Statute Bars the Custodian of an IRA from Disclaiming Fiduciary Duties

Plaintiffs argue that because 26 U.S.C. § 408(a) defines an IRA as "a trust created . . . for

the exclusive benefit of an individual or his beneficiaries," Chase must necessarily be a "trustee"

owing fiduciary duties to Plaintiffs. Opp. 16-17. With respect to custodial IRA accounts,

however, federal courts have recognized that even though § 408(h) specifies that such accounts

shall be treated as trusts for tax purposes (assuming certain conditions are met), the statute does

not transform custodial IRA accounts into actual trusts under non-tax law. As one court

explained, § 408 "only establishes that certain *non-trust* custodial IRA accounts may be treated

as trusts for the purposes of determining federal tax consequences." *In re Sunpoint Sec., Inc.*,

Adv. No. 99-6073, 2006 WL 8426830, at *4 (Bankr. E.D. Tex. Apr. 17, 2006) (emphasis added);

*see also Lewis v. Del. Charter Guarantee & Tr. Co.*, No. 14-CV-1779 (KAM), 2015 WL

1476403, at *11 (E.D.N.Y. Mar. 31, 2015) (citing cases confirming that the appearance of the

term "trustee" in § 408(h) does not supersede an IRA custodial agreement so as to impose duties

on a custodian), *aff'd as modified*, 642 F. App'x 23 (2d Cir. 2016); *Hines v. FiServ, Inc.*, No.

808-cv-2569-T-30AEP, 2010 WL 1249838, at *3 (M.D. Fla. Mar. 25, 2010) ("IRC § 408(h)

recognizes that custodial IRAs, such as the Plaintiffs' accounts here, are not trusts.  They are

only treated as trusts for tax deferral purposes.  Courts applying this section of the code in

relation to custodial IRA accounts have held that IRC § 408 and the corresponding regulations

do not create any fiduciary or other duties of care.").

Plaintiffs' Beneficiary IRA CD accounts are non-trust, custodial IRA accounts.  Chase's

Custodial Agreement describes the Accounts as "custodial account[s]," not as trust accounts.

*See* Farmer Decl., Exs. 9, 10 (both at 1).  Nor is there anything in the Custodial Agreement that

manifests any intention to form a trust relationship.  *See Frouge Corp. v. Chase Manhattan Bank*

*(Nat'l Ass'n)*, 426 F. Supp. 794, 797 (S.D.N.Y. 1976) (account not trust account where

agreement did not manifest intention to form a trust).  Further, by disclaiming any fiduciary

relationship, the Custodial Agreement manifests the opposite intent.

For their contrary argument, Plaintiffs rely on a single decision of a Massachusetts

intermediate appellate court, *UBS Financial Services, Inc. v. Aliberti*, 113 N.E.3d 335 (Mass

App. Ct. 2018), which construes § 408 and purports to apply New York common law.  Opp. 17-

18.  The *UBS Financial* court held—inconsistently with the federal decisions cited above—that

because § 408(a) defines an IRA as a trust, the custodian of an IRA is necessarily a trustee, and

that under New York law, a trustee is a fiduciary.  113 N.E. at 343.  Notably, the court cited no

New York case holding that the custodian of a non-discretionary IRA is a fiduciary; nor did the

court distinguish the contrary federal cases.  Furthermore, *UBS Financial* is not binding authority

and, we note, the highest court of Massachusetts has granted review.[8]

In all events, nothing in *UBS Financial* provides any basis to challenge the disclaimer of fiduciary duty in the Custodial Agreement.  Indeed, the case is absolutely silent as to whether a non-discretionary IRA custodian's (supposed) fiduciary duty can be disclaimed by contract under New York law.  Moreover, federal courts addressing the issue have made clear that such disclaimers *are* effective, notwithstanding § 408.  *See, e.g.*, *Hines*, 2010 WL 1249838, at *2-*3 ("IRC § 408 imposes no duties on IRA custodians and the IRA contract expressly provides that [defendant] owes no fiduciary duties to the plaintiffs.  Plaintiffs cannot maintain a claim for a breach of fiduciary duty where no duty exists."); *Mandelbaum v. Fiserv, Inc.*, 787 F. Supp. 2d 1226, 1237-38 (D. Colo. 2011) (noting that "the underlying IRA Agreements for Plaintiffs' IRA custodial accounts exculpated the Defendant trustees from any fiduciary duty to investors," regardless of any application of § 408).  And, as was explained in Chase's Moving Brief, New York law recognizes and gives full effect to contractual disclaimers of fiduciary duty.

### B. There Is No Factual Issue Regarding Whether Chase Owed Plaintiffs A Fiduciary Duty

Plaintiffs' argument that there is a question of fact as to whether Chase owed them a fiduciary duty is similarly unavailing.  They attempt to support that argument by quoting extensively from *Grund v. Delaware Charter Guarantee & Trust Co.*, 788 F. Supp. 2d 226, 249-51 (S.D.N.Y. 2011), Opp. 19-20, but their reliance on that case is misplaced.  First, Plaintiffs fail to mention that the *Grund* court acknowledged "that custodial, non-discretionary IRAs do not impose fiduciary duties upon the trustees and are not trusts for any other purpose [but] taxes." 788 F. Supp. 2d at 249 n.7.  Plaintiffs also ignore the critical fact that, while *Grund* nonetheless found adequate the allegations there that the defendants owed fiduciary duties, it did so "because

---

[8] *See UBS Fin. Servs., Inc. v. Aliberti*, 119 N.E.3d 297 (Sup. Jud. Ct. Mass. 2018).

the complaint alleged that the defendants acknowledged in the 'various IRA account documents and other written materials' that they had 'fiduciary obligations to monitor and safeguard the investments' of the plaintiffs." *Lewis*, 2015 WL 1476403, at *11 (quoting *Grund*, 788 F. Supp. 2d at 249).

The opposite is the case here:  Chase's Custodial Agreement expressly disclaims any such fiduciary relationship.  *See* Farmer Decl., Exs. 9 at 3 ("[N]othing in this Agreement shall be construed as conferring fiduciary status upon us."); 10 at 3 (same).  There is, then, nothing from which a fiduciary duty on Chase's part could arise.

### C.  The Fiduciary Duty Claim Should Be Dismissed Because It Is Duplicative of the Breach of Contract Claim

As Plaintiffs acknowledge, "'a cause of action for breach of fiduciary duty that is merely duplicative of a breach of contract claim cannot stand.'"  Opp. 19 (quoting *Grund*, 788 F. Supp. 2d at 249).  "A breach of fiduciary duty claim is duplicative when it is based on allegations of fiduciary wrongdoing that are expressly raised in plaintiff's breach of contract claim."  *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Here, in attempting to defend their fiduciary duty claim as "sufficiently plead," Plaintiffs themselves admit that the claim is based on Chase's failure to give them a supposedly perpetual 12% interest rate:  "Plaintiffs clearly plead that Defendants failed to enforce the contract rights of Plaintiffs to assure that the 12 Percent Evergreen interest rate of the decedent was paid to Plaintiffs . . . ."  Opp. 20.  That, of course, is exactly what they assert in their breach of contract claim.  *See, e.g.*, Compl. ¶¶ 16-18 (breach of contract claim based on allegations of failure to renew CD at 12% interest rate).

Accordingly, the breach of fiduciary duty claim is duplicative of the breach of contract

9

claim and should be dismissed for that reason, as well.

<u>POINT III</u>

<b>JUDGMENT ON THE ORIGINAL PLEADINGS IS ALSO WARRANTED<br>BECAUSE BOTH OF PLAINTIFFS' CLAIMS ARE TIME-BARRED</b>

Chase's Moving Brief also showed (at 15-18) that the Complaint—which alleges that Chase's supposed breaches occurred on January 30, 2012 (*see* Compl. ¶¶ 16, 21; Mov. Br. 16)—is barred in its entirety by both the applicable statutes of limitations and the two-year contractual limitations period set forth in the Deposit Account Agreement.

In their Opposition Brief, Plaintiffs fail to address this showing, much less contest the well-settled legal authority on which it is based.  (Although Plaintiffs contend that the PAC avoids untimeliness by alleging supposedly additional breaches in 2015 and 2018, Opp. 21-22, nowhere in their response do Plaintiffs attempt to rescue their claims as pled in the Complaint.) This failure to oppose Chase's legal arguments "amounts to a concession or waiver of the argument[s]," *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-cv-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018), and Plaintiffs' claims should therefore be deemed abandoned and dismissed on that additional basis.  *See, e.g.*, *id.* (dismissing claims based on "Plaintiff's silence in his opposition"); *AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812 (NRB), 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) (Buchwald, J.) (holding that the plaintiff's failure to address an issue in its opposition brief "concedes the point").

On these independent grounds, judgment on the original pleadings should be awarded in Chase's favor on each of Plaintiffs' claims.

<u>CONCLUSION</u>

For all the foregoing reasons, together with those set forth in Chase's Moving Brief, the Court should grant Chase's motion for judgment on the pleadings.

10

Dated:  September 13, 2019
        New York, New York

                                     Respectfully submitted,

                                     BECKER, GLYNN, MUFFLY, CHASSIN &
                                     HOSINSKI LLP

                                     *Andrea Likwornik Weiss*

By: _____
                     Andrea Likwornik Weiss
                     Gregory P. Feit
             299 Park Avenue
             New York, New York 10171
             Tel: (212) 888-3033
             aweiss@beckerglynn.com
             gfeit@beckerglynn.com

             *Attorneys for Defendant*
             *JPMorgan Chase Bank, N.A.*

11